JUDGE WOOD
DELIVERED THE OPINION OE THE COURT:
The allegations of the petition make a clear case for a divorce under the third article of the forty-seventh chapter of the Revised Statutes.
The defendant was summoned and failed to answer.
The allegations of the petition were proved by the testimony of one witness, who stated distinctly and positively the existence of the ground relied upon for a divorce.
The circuit court denied the relief sought and dismissed the plaintiff’s petition, upon the ground that “sound public policy forbids the conclusion, that the testimony of a single witness shall, in any suit for a divorce, be regarded as sufficient proof oi the allegations of the petition.”
The statute does not require the testimony of more witnesses than one to establish the existence of any ground relied upon for a divorce, except adultery or lewdness.
By the 3d section of the article referred to above it is enacted that “ two witnesses, or one and strong corroborating circumstances, shall be necessary to sustain the charge of adultery or lewdness.”
If the “charge” be any other than “lewdness or adultery,” the testimony of a single witness may be regarded as sufficient to sustain it. The legislature has made no new rule as to the amount of proof, or the sufficiency of proof necessary to sustain any other charge than adultery or lewdness.
The ground of divorce relied upon in this case was “ aban- *478 donmcntfor one year” and was susceptible of proof as any other material fact in litigation, in any other character of action.
The statute provides that no bill for a divorce shall be taken for confessed or sustained by the admissions of the defendant alone, but must be supported by other proof.
Neither the failure of the defendant to answer, nor the admissions of the defendant, are to be regarded as sufficient to sustain the bill and authorize a divorce, although these are regarded as proof to some extent.
There must be other proof. But it is not required that two witnesses, or more than the testimony of one witness, shall be adduced.
If the legislature had thought it wise or proper to require more than the testimony of a single witness to establish the charge of abandonment, no doubt the requirement would have been made, as it was when adultery or lewdness was the charge.
The legislature not having made the requirement, the courts cannot make it.
It seems to this court that the allegations of the plaintiff’s petition were sustained by sufficient proof, and that it was error in the circuit court to dismiss the petition.
Wherefore, the judgment is reversed, and the cause remanded with directions to grant the relief prayed for in the petition.