WILLIAM H. CRITTENDEN & wife *vs.* ALFRED H. ALEXANDER, Executor.

Recovery of a judgment by husband and wife in an action on a debt to the wife is not such a reduction to possession by the husband as to authorize the set-off of another judgment recovered by the defendant against the husband alone.

MERRICK, J. After judgment rendered for the plaintiffs, the defendant moved for leave, and was permitted by the court, to set off against and in discharge of it so much as was necessary for that purpose of a judgment recovered by himself in his said capacity of executor of the will of David Alexander against William H. Crittenden, one of the plaintiffs. It appears that this suit was commenced and prosecuted by the plaintiffs jointly for the recovery of a legacy bequeathed to the said Harriet N. Crittenden, wife of the said William. Under these circumstances, the motion ought not to have been allowed; for if there be several plaintiffs in a suit, no demand which is not due from them all can be set off against their claim or the judgment which they finally recover upon it. Rev. Sts. *c.* 96, § 8. *Walker* v. *Leighton*, 11 Mass. 140. It is a general and well settled principle of law, that a set-off is allowable only in those cases in which the parties to the record, or the real parties in interest, are the same. *Barrett* v. *Barrett*, 8 Pick. 342.

But that was not the condition or relation of the parties to each other in the present suits. The amount recovered by the plaintiffs was upon a claim on a legacy bequeathed to the wife; and although her husband had such interest in and right to it, that he might by reducing it to possession make it his own, yet, until he did that, her right to it was not extinguished. In fact, he never did reduce it to possession; for a suit in the name of himself and wife, and a judgment thereon jointly in their behalf, will not have such an effect. If the husband should in such case die before collecting the money or enforcing the judgment, the wife would as survivor take the whole benefit of it, and hold it to her own sole use; for her interest and

right remain until the husband has, by some competent and sufficient act, reduced the demand to his own possession. 2 Kent Com. (6th ed.) 137. *Searing* v. *Searing*, 9 Paige, 283. A legacy to the wife may indeed, under our statutes, be taken by an attachment in a suit against the husband, and transferred by virtue of it in payment of his debts. But even in that case it is held to be a chose in action, which survives to the wife if the husband die pending the suit or before levy of the execution. Upon his decease, the lien created by the attachment is necessarily dissolved; and the wife will then as survivor hold and recover the legacy to her own use. If there be no collection of the money due, and no legal assignment or transfer of the legacy, nothing short of a judgment in a suit by the husband in his own name for its recovery, which he might undoubtedly successfully prosecute, will amount to such a reduction to possession as will bar the wife's right of survivorship. Rev. Sts. c. 109, § 62. *Strong* v. *Smith*, 1 Met. 476. *Wheeler* v. *Bowen*, 20 Pick. 563. 1 Williams on Executors, (5th Amer. ed.) 779.

*Exceptions sustained.*

*B. Palmer*, for the plaintiffs.

*I. Sumner*, for the defendant, cited *Barrett* v. *Barrett*, 8 Pick. 342; *Rider* v. *Ocean Ins. Co.* 20 Pick. 259; *Westervelt* v. *Gregg*, 2 Kernan, 202; *Hutchins* v. *Riddle*, 12 N. H. 474; *Rutherford* v. *Crabb*, 5 Yerger, 112.

