## ALFRED H. ALEXANDER vs. WILLIAM H. CRITTENDEN & trustee.

A judgment in favor of a husband and wife for a legacy given to her by a will proved before the passage of St. 1857, c. 249, with no words to show that the same was for her sole and separate use, and an actual payment of the amount of the judgment by the executor to the attorney of the husband and wife, constitute a reduction of the legacy to the possession of the husband, so that the amount in the hands of the attorney is liable to be attached on trustee process by the husband's creditors.

TRUSTEE PROCESS.    The answer of Billings Palmer, the trustee, disclosed that, at the time of the service of the process upon him, he held in his hands the amount of a judgment recovered by him as attorney, in the name of the defendant and his wife, for a legacy given to her by the will of her father, which was proved on the 5th of December 1854, and which was paid to him on the day of the service.   Other material facts are stated in the opinion.   In the superior court, the trustee was discharged, and the plaintiff appealed to this court.

This case was argued in September 1861.

*I. Sumner*, for the plaintiff.

*B. Palmer*, for the trustee.

DEWEY, J.    Independently of the changes made by the recent legislation as to the rights of property of married women, no doubt could arise as to charging the trustee in the present case. The judgment in the action in the name of the husband and wife for the legacy given her by her late father, and the actual payment of the same by the executor, would of themselves reduce the legacy to the possession of the husband, and make it absolutely his property.

Under the former decisions of this court, a creditor of the husband may reach such legacy by a trustee process against the executor before any suit or even demand for the same.   This was so held in *Holbrook* v. *Waters*, 19 Pick. 354, and in *Wheeler* v. *Bowen*, 20 Pick. 563; and again in *Strong* v. *Smith*, 1 Met. 476, the principle was affirmed, and applied to the right of the wife to a distributive share of an intestate estate.   The right of an

attaching creditor of the husband to hold a legacy to the wife, or any other chose in action accruing to her during coverture, has been doubted and denied in some other courts. It is liable to the objection that it injuriously operates upon the right of survivorship in the wife, as in this way it may be defeated, while the husband would or might deem it proper that the legacy or chose in action should not be reduced to possession, but be preserved to the wife. It is a compulsory reduction to possession of choses in action held by the wife. As an original question, I should think it might well deserve consideration. But it is the settled law of this commonwealth; and giving effect to our decisions, this trustee process would be effectual if instituted at any time after the probate of the will and appointment of the executor, and it is more clearly so after the chose in action has been reduced to judgment, and this judgment has been paid.

The further inquiry is, whether, under any of the provisions of the recent statutes, the right of the wife to the avails of this judgment for the legacy to her can be saved to her separate use? The earliest statute, that of 1845, *c.* 208, gives no new rights to the wife that touch the present case. The same is true of *St.* 1855, *c.* 304. The only statutes requiring to be particularly considered are, *St.* 1857, *c.* 249, and Gen. Sts. *c.* 108. This attachment by trustee process was instituted on the 16th of July 1860, and is therefore to be considered under those statutes.

Gen. Sts. *c.* 108, § 1, declare what shall be the separate estate of the wife which " shall not be subject to the interference or control of her husband, or liable for his debts." All that part of this section which bears upon the present case is thus: " The property, both real and personal, which any married woman now owns as her sole and separate property, that which comes to her by descent, devise, bequest, gift or grant, shall, notwithstanding her marriage, be and remain her sole and separate property." Was this legacy exempt from liability for the debts of the husband under either of these classes of excepted property? The facts as to the legacy are these: The testator died on the 19th of September 1854; and the probate of his will was made December

Alexander *v.* Crittenden & trustee.

5, 1854. The legacy to his daughter was a legacy of $200 payable in two years; a suit was brought therefor in the name of her husband and herself, and judgment rendered thereon October 1858, and at the same term a motion was made and allowed for the set-off of another judgment against the husband alone, and exceptions were taken which were sustained, and on the 8th of June 1860 an execution issued on the judgment for the legacy, and the same was collected and paid to the attorney on the 16th of the following July.

The *St.* of 1857, *c.* 249, is to be considered in deciding the precise character of this property when the General Statutes took effect, although it is now repealed by the latter. The provision is found in § 1, and secures to her " the property, both real and personal, which any woman, who may now be married in this commonwealth, may now own as her sole and separate property, . . . . and any real or personal property which shall hereafter come to her by descent, devise, or bequest, or the gift of any person except her husband." Sect. 3 provides that all suits, in relation to any property thus held, may be brought in her own name. It is only the second clause of § 1 that can be supposed to have any application to this case, as, under well settled principles of law, she had not, prior to this statute, any sole and separate property in this legacy. The inquiry then is, can this right to the avails of this legacy be embraced under the language " personal property which shall hereafter come to her by devise or bequest " ? The legacy was a vested one on the 19th of September 1854. It was payable on the 19th of September 1856. It was given to her in general terms. There is nothing to show that it was intended by the testator to give it to her to be held to her sole and separate use. The contrary is rather to be inferred from the fact that the next preceding legacy in the will, given to her sister, is in terms directly given, " to be for her sole and separate use, free from the control, debts and incumbrances of her husband." Does the fact that the same had not been paid by the executor before the passage of *St.* 1857, *c.* 249, make the same to be " property which shall hereafter come to her by bequest " within the language of that statute ?

Alexander *v.* Crittenden & trustee.

If this legacy was not properly one " coming to the wife by bequest " after the passage of that statute, then the only further inquiry is, whether it is saved to the wife by Gen. Sts. *c.* 108, § 1; and here again it depends upon the construction to be given to the second clause, " that which comes to her by descent, devise, bequest, gift or grant." It will be perceived that the phraseology is different from that of *St.* 1857, *c.* 249, the General Statutes having the words " which comes," instead of " which shall hereafter come."

Does a proper construction of this section of the General Statutes authorize its application to past legacies, that had not only vested in the devisee, but had been reduced to a judgment in the name of the husband and wife, and payment of the same had been made to the attorney who instituted the action, after the General Statutes took effect?

In the opinion of the court, this case does not fall within the provisions of the General Statutes referred to above; and, such being the case, this legacy was not protected from attachment by the trustee process by a creditor of the husband.

We do not see that any effect can be given to the fact that the suit was instituted at her request and for her benefit, as there is no evidence that the husband authorized her to institute an action to recover the legacy for her own benefit. There is no evidence that he ever agreed that this legacy should be held and used by her as her sole and separate property, or that it was ever in any form set apart by him as her separate estate.

The fact that the action to recover the same was instituted in the name of the husband as well as the wife is very significant, showing that it was not supposed to be property secured to the wife under *St.* 1857, *c.* 249, inasmuch as all property saved to the separate use of the wife by that statute might be sued for in the name of the wife alone. *Trustee charged.*