## City of Jackson v. Terry et ux.

April 19, 1946.

Moss Noble for appellant.

A. H. Patton for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

In the year "1911 or 1912" (so stated in the petition) appellees, Charles Terry and wife, owned a brick building on Main Street in the city of Jackson, on the ground floor of which were four business rooms, and the second floor contained a number of living quarters. They still own it, and in one of the years mentioned they constructed a private sewer from it running about 80 feet to Broadway Street in that city, and then down the latter street to a fork of the Kentucky River.

In 1929 the city, after a waterworks system had been installed therein, constructed a public sanitary sewer along Broadway Street which ran and emptied into the same stream. Shortly thereafter the private sewer of appellees, and plaintiffs below, was connected with the city's public sewer at the junction of Main and Broadway Streets. It remained so until it was disconnected from the public one on Broadway in the early part of November, 1944. Thereafter this equity action was filed by appellees against the city on November 11 of that year, whereby plaintiffs sought a mandatory injunction against the city to require it to reconnect their private sewer with the public one constructed by the city at the point from which the disconnection was made.

The answer was a general denial that the city had disconnected plaintiffs' private sewer as charged by plaintiffs and then affirmatively alleged that plaintiffs had not maintained their private sewer in a sanitary condition whereby obstructions were permitted to enter the private sewer and eventually enter defendant's public sewer so as to obstruct the flow of the sewage therein. Defendant also charged in its answer that plaintiffs maintained their sewer in an unsanitary condition so as to create a public nuisance, and by counterclaim it sought a mandatory injunction against plain-

tiffs requiring them to restore their private sewer and to operate it so as to correct the alleged public nuisance.

The court on motion of plaintiffs struck that part of the answer seeking counter-relief against them, and by reply completed the issues with respect to the relief they sought by their petition. The deposition of Dr. Don E. Wilder was taken on behalf of the city, and plaintiff, and appellee, Charles Terry, gave his deposition on behalf of himself and wife. The clerk's transcript also shows that one South Davidson was "recalled" and testified that since the disconnection complained of he had lifted the lid of the pit under plaintiffs' outdoor toilet whereby deposits therein were released and flowed down the private sewer but which at that time, as we have seen, was disconnected and which testimony has but little, if any, bearing upon the issues in the case.

The testimony that we have related as given by depositions is the only testimony contained in the entire record, although it is positively shown that many other witnesses testified orally at the trial, and that their testimony was taken by a stenographer but no transcript thereof was ever made so far as this record shows, although an order was obtained for extended time for that purpose; but if such oral testimony was ever transcribed by the stenographer it was never made a part of the record by any approval or order of court. On submission the court sustained the prayer of the petition and mandatorily required the city to reconnect plaintiffs' private sewer with its public one along its Broadway Street. From that judgment the city prosecutes this appeal.

The only testimony contained in the record—consisting solely of the depositions referred to—is very confusing and somewhat contradictory as to the true facts with reference to the sanitary condition of plaintiffs' private sewer. However, if that testimony showed positively and without contradiction that the private sewer had been maintained in a condition to damage the city's public sewer, with which it was connected, so as to justify the city in making the disconnection (if it did so) then we would be left entirely in the dark as to whether or not the omitted oral testimony heard before the court contradicted and disproved that contained in the depositions referred to so as to authorize the decree

of the court. In such situations the practice is well settled that this court will presume that the omitted testimony was sufficient to sustain the judgment rendered by the trial court. Some of the many cases in which that rule is enunciated and approved by this court are: Dupoyster v. Ft. Jefferson Improvement Co., 121 Ky. 518, 89 S. W. 509, 28 Ky. Law Rep. 504; Knecht v. Home Telephone Co., 121 Ky. 492, 89 S. W. 508, 28 Ky. Law Rep. 456; Shannon v. Stratton, 144 Ky. 26, 137 S. W. 850; Asher v. Nukols, 253 Ky. 223, 69 S. W. 2d 331, and Harp v. Prudential Insurance Co. of America, 261 Ky. 295, 87 S. W. 2d 595.

There are others to the same effect and none to the contrary. Under that prevailing and well established guiding rule of practice, we have no alternative but to presume that the omitted parol testimony justified the court in rendering the judgment which defendants seek to reverse. The reason for the adoption of such a rule of practice, as applicable to appeals to this court, is so patent and manifestly necessary as to require no extended elaboration. Briefly stated, it is, that this court is exclusively a reviewing one, except in original cases authorized by section 110 of our Constitution. In exercising such reviewing jurisdiction we are governed by what occurred in the trial court that rendered the judgment from which the appeal is taken, and unless the precise case that was developed before it is brought here, we would be unable to correctly perform such appellate authority. The presumption is that a trial court conducts the trial according to law, and renders the correct judgment under the facts developed before it. If the testimony of witnesses heard in and by the trial court is not brought here, then the presumption that it would justify the judgment rendered necessarily prevails.

We are also of the opinion that the court properly disallowed the counterclaim of the city by striking that part of its answer from the record. However, such action will not constitute a bar to a future similar action by the city for the same relief, if plaintiffs' private sewer, either by defective construction or negligent management, should become a public nuisance.

Wherefore, for the reasons stated, the judgment is affirmed.