**JONES v. JONES.**

Court of Appeals of Kentucky.
Feb. 22, 1952.

Cleon K. Calvert, Pineville, for appellant.

R. L. Brown, Williamsburg, for appellee.

WADDILL, Commissioner.

The sole reason assigned by the Chancellor in refusing to grant appellant a divorce was: "Plaintiff cannot get a divorce on his uncorroborated testimony under the law."

On June 9, 1948, appellant filed suit for divorce alleging abandonment and cruel and inhuman treatment. Appellee filed answer on June 30, 1948, denying the grounds alleged for divorce. On October

28, 1948, the deposition of appellant was taken and at the conclusion of which, counsel for appellant announced "this was all the proof he desired to take at this time." Without notice to appellee, an order was entered on November 26, 1948, filing the deposition, and submitting the case for judgment. The next order was entered on June 19, 1950; it provides:

"Heretofore, at the November term, 1948, the court had this case before him on submission for judgment, and, in writing, endorsed upon the record the following:

"Denied. Plaintiff cannot get a divorce on the uncorroborated evidence of the husband, under the law. 11–27–48. J. B. J.

"Since that endorsement was made, no judgment was entered and no further steps have been taken.

"On today, counsel, not appearing in the original record, appeared and asked that judgment be entered in conformity with that endorsement. As the case still remains on the docket and there is no order striking it, the court sustains the motion and directs that a judgment be entered Nunc Pro Tunc in conformity with the endorsement."

On the same day judgment was entered denying appellant a divorce, dismissing the petition and granting an appeal. Appellant contends that the Chancellor erred in refusing to consider the evidence introduced and in dismissing his action. He asks this Court to consider the evidence on appeal and reverse the case with directions to the circuit judge to enter a judgment granting him a divorce.

KRS 403.020 enumerates the grounds for divorce. Sections 420–423 of our Civil Code of Practice and KRS 403.-030 set forth the proof that is required to authorize a court to grant a divorce. These provisions of our law do not require the testimony of more than one witness to establish the existence of any ground relied upon for divorce, except to sustain the charge of adultery or of lewd and lascivious behaviour. Maher v. Maher, 295 Ky. 263, 174 S.W.2d 289; and Stibbins v. Stibbins, 1 Metc. 476, 58 Ky. 476. Therefore, it is apparent that the court erred in refusing to determine from the evidence adduced whether or not it was sufficient to sustain the allegations of the petition.

In cases of this kind this Court cannot assume original jurisdiction. We are a reviewing tribunal, except in original cases authorized by Section 110 of our Constitution. This case has not been decided by the circuit court. For the reasons stated the case must be remanded to the circuit court with directions that the Chancellor decide whether or not appellant's proof was sufficient to sustain the grounds alleged for divorce. In view of the condition of the record, we are of the opinion that either or both parties should be allowed to introduce additional evidence, if desired.

Wherefore, the judgment is reversed and the case is remanded to the circuit court with directions that either or both parties may take additional testimony on the issues made by the pleadings.