true in a proceeding under RCr 11.42. King v. Commonwealth, Ky., 387 S.W.2d 582.

Appellant contends that he was without counsel on his former trials, and as a consequence they are void convictions and could not be used against him on the charge of being an habitual criminal. The order and judgment entered by the trial court states that the record shows affirmatively the appellant was represented by counsel on the previous convictions. Further, on his trial on the habitual criminal charge, he was admittedly represented by counsel and entered a plea of guilty. By so pleading he confessed the charges made in the indictment. McGrew v. Commonwealth, 308 Ky. 838, 215 S.W.2d 996 (1948); Nolan v. Thomas, supra.

The judgment is affirmed.

Everette Shepherd, Jr., pro se.

Robert Matthews, Atty. Gen., H. N. McTyeire, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

After a hearing for which counsel was provided, the circuit court overruled the motion of Everette Shepherd, Jr., to vacate the judgment of March 15, 1962, by which he was sentenced to life imprisonment for murder.

The grounds for relief asserted by Shepherd were (1) the indictment was defective, (2) irrelevant evidence was admitted, and (3) Shepherd was compelled, in violation of his right against self-incrimination, to admit that on a previous occasion he had threatened a person with a deadly weapon.

The first two grounds are not within the scope of RCr 11.42. See King v. Commonwealth, Ky., 387 S.W.2d 582.

There are a number of reasons why the third ground has no merit, the chief reason being that according to the transcript of evidence on the trial, which is in the record on this appeal, the fact alleged as the basis for the ground simply is not true.

The judgment is affirmed.

**Everette SHEPHERD, Jr., Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 11, 1965.

