Gene **TURNER** and Marion Turner, Appellants,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 27, 1970.

John T. Mandt, Somerset, for appellants.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

This is an appeal from a judgment of the Pulaski Circuit Court sentencing appellants to confinement in the penitentiary for a period of six years for the offense of breaking and entering a dwelling house.

The sole question presented by this appeal is whether the trial court erred in failing to appoint counsel for appellants or obtain their waiver of counsel at arraignment. The record reflects that the appellants were indicted on February 5, 1970, were brought before the court for arraignment on February 7, 1970 and entered a plea of not guilty. The case was set for trial February 25, 1970.

On February 16, 1970, the appellants appeared before the court and stated that they were unable to employ counsel and thereupon counsel was appointed by the court to represent the appellants.

The thrust of appellants' argument in this court is that counsel should have been appointed on February 7th, the day of arraignment, rather than February 16th, when they advised the court of their inability to employ counsel.

Without reaching the merits of this issue, the judgment in this case must be affirmed because the error presented by the appellants was not properly preserved for review. The appellants' brief does not specify any place in the record, either by preliminary motion, during the trial or in a motion and grounds for a new trial, where the issue presented here was raised before the trial court. Moreover, it is not suggested in what way the alleged error prejudiced the rights of appellants.

Our examination of the record confirms that the alleged error was not brought to the attention of the trial court and was raised for the first time on this appeal. The policy of RCr 9.22 and 10.12 is to require a defendant in a criminal case *to present to the trial court those questions of law which may become issues on appeal.* The appellate court reviews for errors, and a nonruling is not reviewable when the issue has not been presented to the trial court for decision. Hatton v. Commonwealth, Ky., 409 S.W.2d 818 (1967) and Hartsock v. Commonwealth, Ky., 382 S.W. 2d 861 (1964).

The judgment is affirmed.

All concur.