**Everett SHEPHERD, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 3, 1972.

J. Reid Caudill, Bowling Green, for appellant.

John B. Beckinridge, Atty. Gen., Robert W. Willmott, Jr., Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

The appellant was convicted of the crime of wilful murder and his punishment fixed by a jury at confinement in the penitentiary for life. Judgment was entered imposing the life sentence in March 1962.

No appeal was prosecuted from the judgment but shortly thereafter appellant instituted the first in a series of motions to vacate the judgment pursuant to RCr 11.42. His first three motions to vacate were denied. Two of the orders refusing to vacate were appealed and reviewed by this court and the refusal to vacate judgment was approved in each instance. Shepherd v. Commonwealth, Ky., 391 S.W.2d 689 (1965).

Undaunted by his lack of success the appellant then filed a fourth motion to vacate the judgment and in this motion alleged that he did not have effective assistance of counsel during his trial and was denied the right of direct appeal. These particular grounds of relief could have been raised in any of the three earlier motions to vacate. Appellant seems to believe that RCr 11.42 gives him the right to advance reasons for vacating the judgment one at a time in a series of motions that will allow him to command the attention of the courts in perpetuity. In this he is mistaken.

RCr 11.42(3) provides:

"The motion shall state all grounds for holding the sentence invalid of which the movant has knowledge. Final disposition of the motion shall conclude all issues that could reasonably have been presented in the same proceeding."

 We have held in Kinmon v. Commonwealth, Ky., 396 S.W.2d 331 (1965) and Hampton v. Commonwealth, Ky., 454 S.W.2d 672 (1970), that this court will not review matters which have been or should have been raised and reviewed in prior motions to vacate. The trial court should have dismissed the fourth motion to vacate forthwith because it advances no reasons why the matters asserted therein could not have been asserted in the previous motions.

A special judge was designated to hear the fourth motion to vacate judgment and he granted appellant a belated appeal and appointed counsel for the appeal. On the appeal he raises only two questions. The first claim is that he did not have effective assistance of counsel during his trial and secondly, he contends that during recess in the trial the jury was remanded to the charge of a deputy sheriff who was a witness against him.

In support of his contention that he did not have effective assistance of counsel at trial the appellant says that his counsel did not confer with him adequately prior to trial, failed to interview or call witnesses in his defense, failed to move for a continuance and failed to move for a change of venue.

Counsel appointed for the appeal filed no motion for a new trial and the trial court was not given opportunity to pass upon these questions. They have not been preserved for review. We note however that on the motion to vacate the trial court expressly ruled against appellant on the issue of ineffective assistance of counsel and our own review of the record leads us to the conclusion that there is no merit in the appellant's contention.

The second assignment of error is equally without merit. The transcript of evidence fails to show that any person to whom the jury was given in charge during any recess of the trial or deliberation of the jury appeared as a witness against the appellant.

The judgment is affirmed.

All concur.