**Richard J. CASLIN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 2, 1973.

Harry B. Miller, Jr., Miller, Griffin & Marks, Lexington, for appellant.

Ed W. Hancock, Atty. Gen., Patrick B. Kimberlin, III, Asst. Atty. Gen., Frankfort, for appellee.

GARDNER, Commissioner.

Richard J. Caslin, appellant, was jointly indicted and tried with James M. Vaughn, Jr., for the offense of unlawful possession of a dangerous drug for sale, a violation of KRS 217.731. Each defendant was convicted and sentenced to five years in the penitentiary and fined $2500.

Ronald Howard, an undercover agent with the Morehead Police Department, became friendly with Randy Sluss and engaged him to buy some marijuana from someone at a specified residence in Rowan County. Howard later reported to Marion D. Campbell, a state police officer, that he personally made the purchase, and on the basis of Howard's statement Campbell made an affidavit before the magistrate, who issued a search warrant. The officers went to the premises and forced open the door. Appellant was seen kneeling before a commode emptying a plastic bag. The officers obtained a sample of the contents, which turned out to be marijuana. Marijuana was also found in other parts of the house and in appellant's suitcase in a bedroom. Sluss identified appellant as the person who had sold him the marijuana prior to the search.

Appellant's first assignment of error is that the instructions did not conform to the indictment. The indictment charged that the defendants " * * * did unlawfully have in their possession a dangerous drug, to-wit: cannabis (marijuana) for the purpose of sale * * * ", while the instructions authorized conviction if the defendants possessed a dangerous drug " * * * for the purpose of sale *or disposal*". (our emphasis) The verdict read in part, "We the jury find the defendants * * * guilty under Instruction #1 (Possessing a dangerous drug (marijuana) for sale or disposal to others) * * * ". We do not see how appellant was misled to his detriment. The proper statutory number, KRS 217.731, under which he was indicted appeared on the face of the indictment. The statute makes it a crime to possess a dangerous drug "For purposes of sale or other disposal * * * ". Be that as it may, appellant did not object to the instruction on this ground when it was offered, nor did he present the question in his motion for a new trial. The error, if

any, was not properly preserved for appellate review. RCr 9.54(2). Beets v. Commonwealth, Ky., 437 S.W.2d 496 (1969). (It is noted that the attorneys representing Caslin on this appeal did not represent him in the trial of the case.)

 Another assignment of error is that appellant had inadequate legal representation. He cites several examples to support his contention. The question of inadequacy of counsel was never presented in the lower court. This is not an error therefore that is reviewable on direct appeal. This court is exclusively a reviewing court except in original cases authorized by section 110 of the Kentucky Constitution. City of Jackson v. Terry, 302 Ky. 132, 194 S.W.2d 77 (1946); Jones v. Jones, Ky., 246 S.W.2d 583 (1952); Turner v. Commonwealth, Ky., 460 S.W.2d 345 (1970); Shepherd v. Commonwealth, Ky., 477 S.W.2d 798 (1972).

Appellant also claims error in the court's refusal to suppress the evidence obtained from the search because the warrant was invalid. He points out that the affidavit for the warrant was based on a false statement of Agent Howard. That is, Howard told Officer Campbell that he personally went on the premises and purchased marijuana from someone in the house when, in fact, Sluss went in the house and purchased the marijuana while Howard remained in his car. Appellant also points out that it was on the basis of Howard's false statement that the affidavit was made and the warrant issued. We do not believe the warrant was invalid. In the first place, the statements in the affidavit were not false. Officer Campbell stated in his affidavit that a confidential informant (presumably Agent Howard) "told him" that he was on the premises and purchased the drugs. It is accepted that Howard did so inform Campbell, and on the strength of that Campbell made the affidavit, on the basis of which the warrant was issued. It has never been required that the person making the affidavit verify the truth of the informant's statements. In the second place, it is conceded by appellant that it is the rule in this jurisdiction that "It is not proper to go behind the allegations of the affidavit in determining whether the allegations furnish sufficient evidence of probable cause". Harness v. Commonwealth, Ky., 475 S.W.2d 485, at 488 (1972); Mattingly v. Commonwealth, 310 Ky. 561, 221 S.W.2d 82 (1949); Commonwealth v. Thacker, 229 Ky. 488, 17 S.W.2d 399 (1929); Reitzel v. Commonwealth, 203 Ky. 186, 261 S.W. 1106 (1924). We see no justification for making an exception in this case.

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.