Bobby SHAVERS, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Court of Appeals of Kentucky.

May 17, 1974.

As Modified on Denial of Rehearing
Sept. 20, 1974.

John Tim McCall, Louisville, for appellant.

Ed W. Hancock, Atty. Gen., Peter C. MacDonald, Asst. Atty. Gen., Frankfort, for appellee.

JONES, Justice.

The appellant, Bobby Shavers, was convicted by a Jefferson Circuit Court Jury on a charge of illegal sales of narcotics. Judgment, in accordance with the verdict, imposed a sentence of seven years' con-

finement in the state penitentiary. Shavers appeals from the judgment of conviction, asserting numerous grounds of error.

On the night of August 30, 1973, at approximately 11:00 p. m., undercover officers Harper and Hile of the Louisville Police Department Narcotics Bureau contacted Shavers at 16th and Gallagher Streets in the city of Louisville concerning the purchase of some heroin. Shavers assured the officers, who had assumed the characteristics in appearance and mode of dress of those who used and trafficked in drugs, that, "he knew a dude that had some good boy (heroin)." Shavers told the officers to go to Clay and Madison in Louisville, where they could find Butch Mosley, who could provide them with the heroin. Shavers accompanied Officers Harper and Hile to Clay and Madison. Upon arrival, Harper told Shavers that he wanted three hits (doses of heroin), and Shavers informed Officers Harper and Hile, "that it was ten cents a hit, meaning $10.00 a hit, and that he needed ten cents, meaning $10.00 for the deal." Officer Harper then provided Shavers with $40.00. Shavers got out of the car and walked to the northeast corner of Clay and Madison and procured from Butch Mosley the heroin, in exchange for the $40.00. He then returned to the car of Officers Harper and Hile and handed Detective Hile "three caps of suspected heroin." Shavers assured the officers "that the boy (heroin) was good stuff."

There is no dispute in the testimony as to the time and place of the commission of the crime. The officers testified that the acquisition of the heroin was at the suggestion of Shavers. Shavers testified that the heroin was acquired at the request of the officers and a friend, Mary Ann Jenkins.

■ Shavers' first contention of error is that the commission of the offense was the result of entrapment by the police officers, and that justice commands a finding of entrapment as a matter of law. He insists that he was entitled to an instruction on that defense.

The defense of entrapment is entrenched as a part of criminal law in this Commonwealth, as well as in all the states.

In Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932), the defendant argued that he had been inveigled, induced, and persuaded to engage in criminal conduct by the federal officers charged with investigating the matter. Sorrells, supra, stands for the proposition that if a defendant was predisposed to commit the unlawful act, and if all the officers did was to present him with the opportunity to engage in criminal conduct, then entrapment is not a defense. In the recent case of United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973), it was held that the focus is on the predisposition of the defendant to commit the crime.

Applying the priniciples enunciated in Sorrells, supra, and Russell, supra, to the facts in the case at bar, there is simply no justification for Shavers' defense of entrapment. He was neither inveigled, induced, nor persuaded to engage in the criminal conduct of purchasing heroin and selling it to the officers. He voluntarily committed the act, and his prime interest in the endeavor was the procurement of a "hit" for himself.

■ Shavers was not entitled to an instruction on the affirmative defense of entrapment, nor was he entitled to an instruction involving felonious intent. He denied that he committed the crime of selling heroin, and claimed he simply procured it for a friend. Beets v. Commonwealth, Ky., 437 S.W.2d 493 (1968); Kohler v. Commonwealth, Ky., 492 S.W.2d 198 (1973). Likewise he was not entitled to an instruction in his theory that he was a buyer rather than a seller, because the primary instruction required the jury to find that he sold the heroin, so his theory was cover-

ed sufficiently by the converse of that instruction.

Shavers further contends that the trial court instructed the jury on an offense not charged in the indictment. We do not agree with this contention, and find it unnecessary to elaborate further on the matter. Since no objection was made to the instructions, the error, if any, is not preserved for appellate review. Caslin v. Commonwealth, Ky., 491 S.W.2d 832 (1973).

■ Shavers next argues that the case should have been dismissed for the failure of the Commonwealth to prove that heroin was a Schedule I or Schedule II controlled substance. There is no question that the substance involved was heroin. A drug analyst at the University of Louisville testified that the analysis of the drug was heroin. Heroin is listed in KRS 218A.-050(2) as a Schedule I controlled substance and is defined as a "narcotic drug" in KRS 218A.010(a). We conclude that the court properly instructed the jury in this respect.

■ We are of the opinion that the trial court properly refused to permit a broad test of reliability and credibility of Officer Harper on questions involving matters and events not related in any way to the events and transactions involving Shavers. The credibility of a witness cannot " . . . be impeached with respect to a matter which is irrelevant and collateral to the issues in the action." Commonwealth v. Jackson, Ky., 281 S.W.2d 891 (1955).

■ Shavers maintains that the trial court erred by denying him the production of all the statements, notes, and investigative reports made by the officers. The only reason for which Shavers sought these documents was to supply a possible basis for impeaching the testimony of the officers that to the best of their recollection Mary Ann Jenkins was not present on the occasion in question. The possible impeaching effect of the documents is so remote that there is no reasonable probability of prejudice from the denial of production of the documents.

■ Shavers' final argument is that the charges should have been dismissed because the Commonwealth failed to produce an alleged informer, Mary Ann Jenkins. It was not the duty of the Commonwealth to produce the alleged informer. Shavers testified that Mary Ann Jenkins was a friend of long standing. Both Officers Harper and Hile testified that Mary Ann Jenkins was not present at the sale of the heroin. Shavers had no subpoena issued for the witness, and, because of this omission, failed to comply with the requirements of RCr 9.04. We think issuance of a subpoena was a prerequisite also for assertion of the belief that the Commonwealth was concealing Miss Jenkins. There was no error on the part of the trial court in overruling the motion.

We have dealt with the numerous alleged errors in Shavers' brief and we find no error on the part of the trial court.

The judgment is affirmed.

All concur.