**Johnny Glover LEE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 4, 1977.

Jack Emory Farley, Public Defender, Larry H. Marshall, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., William H. Mohr, Asst. Atty. Gen., Frankfort, for appellee.

Before PARK, VANCE and WILHOIT, JJ.

WILHOIT, Judge:

A jury found Johnny Glover Lee guilty of receiving stolen property of a value of $100.00 or more under KRS 514.110 and he received a sentence of three years in prison. From this conviction he appeals to this Court.

Appellant seeks reversal of his conviction on the following grounds:

I.   The trial court erred in admitting the evidence concerning the stolen television sets since they were discovered and seized as the result of an illegal search.

II.  The Commonwealth failed to prove the value of the stolen property beyond reasonable doubt by relevant and competent evidence.

III. The trial court should have instructed the jury that in order to convict appellant of receiving stolen property it must find that the property was stolen by someone other than appellant.

IV.  The questioning by the prosecutor of the appellant concerning his prior felony conviction amounted to a substantial injustice requiring reversal.

## I.

We first consider the question of the suppression of the evidence of appellant's possession of the stolen television sets.

On July 6, 1975, the automobile driven by Mr. Lee, in which there were two other passengers, was stopped by two state police officers because of an expired inspection sticker. One of the officers testified at a suppression hearing that as he got out of his patrol car and approached appellant's vehicle, he noticed its trunk was open six to eight inches and he could see two television sets in the trunk. The other officer did not notice the television sets immediately, according to his testimony, because he was concentrating his attention on the appellant. Shortly thereafter he, too, noticed the trunk was open "about eighteen inches" and saw the television sets. The officers stated that when asked about the television sets, Lee replied that they belonged to the occupant of the front passenger seat, Phillip Holden. Both officers said that Lee invited them to look at the television sets and to check their serial numbers. One officer stated that Lee then opened the trunk completely. The other officer could not remember whether he or Lee opened the trunk.

Lee denied that the trunk was opened by him or that he gave consent for it to be opened. He testified that when he was stopped the trunk was open only an inch and the the television sets were covered with clothes and thus not possibly visible until the trunk was opened by one of the officers.

One of the officers asked Holden, who was still in the front seat, if the television sets belonged to him. He denied any knowledge of them. A hitchhiker who had been riding in the back seat of Lee's vehicle then approached one of the officers and warned him that there was a pistol in the car. The officers then searched the car, Lee and Holden. They found the pistol in the car, a bag of marijuana, and a motel key under the driver's seat, and one on the person of Holden. The keys were numbered and appeared to be to rooms at the Matador Inn in Nashville, Tennessee. A radio call revealed that the Matador Inn was missing two television sets, one from each of the rooms of the same numbers as the keys. Both Lee and Holden were placed under arrest, initially for possession of the marijuana.

At the conclusion of the evidence heard during the suppression hearing, the trial court ruled that "this was a reasonable search" and permitted this evidence to be admitted. No finding of fact was made. The testimony of the officers and of the appellant were contradictory. There was some question as to whether the television sets were discovered as the result of a search at all, though the trial court apparently believed there was a search.

From the record it is impossible for us to determine whether the trial court believed the testimony of the officers or, believing that of the appellant, nevertheless concluded that no illegal search had taken place. We are thus left in the dark as to whether the trial judge applied the proper standards under Section 10 of our Constitution and the Fourth Amendment to the United States Constitution. *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Full and fair litigation of claims of illegal search or seizure is not only required by our procedure, *Bradley v. Commonwealth*, Ky., 439 S.W.2d 61 (1969), but it obviates the necessity for applying to federal courts to obtain such relief. *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). The failure of the trial court to make findings of fact here in and of itself would not require reversal. Were this case not being reversed on other grounds, we believe the proper procedure would have been to remand this case to the trial court to make the required findings. *Francis v. Commonwealth*, Ky., 468 S.W.2d 287 (1971).

On retrial, should a suppression hearing again be necessary, the trial judge should either write or dictate into the record his findings of fact and conclusions.

## II.

At trial the Commonwealth relied upon the testimony of Peggy Smith Patton, the bookkeeper for the Matador Inn, to establish the value of the two television sets. She described the sets as RCA color portable televisions. She did not know the size of the screens and testified that the sets had been used by the motel since it opened about four years before. One of the exhibits indicates the sets had been used for more than five years. She offered an opinion that the value of each of the sets was between $300.00 and $350.00 on the date they were stolen. This opinion appears to have been based on what the motel manager told her it would cost to replace the two sets. There is no indication as to whether this figure referred to new television sets or sets in the same condition as those stolen. Finally, this witness admitted she had "no idea" of the market value of the stolen sets.

Two black and white photographs of the television sets were introduced into evidence. These photographs give some indication of the size of the sets but very little as to their condition.

At the close of the evidence, the trial court instructed the jury on receiving stolen property in this manner:

> You will find the defendant guilty under this instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:
>
> (a) That in this county on or about July 6, 1975, and before the finding of the indictment herein, he received two television sets owned by the Matador Inn of Nashville, Tennessee.
>
> (b) That said television sets had been stolen from the Matador Inn of Nashville, Tennessee and the defendant Lee knew that they were stolen property:
>
> (c) That in so receiving said television sets it was not the defendant's intention to restore them to their rightful owner, and
>
> (d) That the two television sets had a value of $100.00 or more (T.R., p. 9).

The lesser included offense instruction was identical to the above instruction in every respect, except this misdemeanor instruction did not state a value (T.R., p. 11).

As to the second ground cited for reversal, we agree. KRS 500.070 places the burden upon the Commonwealth to prove every element of its case beyond reasonable doubt. It has fallen far short of meeting that burden here insofar as the value of the two television sets is concerned.

There is no direct proof here as to the market value of the stolen property, nor is there sufficient descriptive testimony and exhibits which would enable a jury to make an informed conclusion as to value. See *Perkins v. Commonwealth*, Ky., 409 S.W.2d 294 (1966). In the case before us the jury was not furnished with sufficient descriptive testimony. The pictures introduced reveal little about the condition of the television sets or even the exact size of their screens. At no time was the jury advised as to whether or not the sets were in working order. It would seem that one of the most important factors necessary to determine the value of a television set, particularly one which had been in a motel room for four years, would be to ascertain whether or not it worked.

## III.

The appellant's complaint that the trial court should have instructed the jury that the property had to be stolen by someone other than appellant in order to convict him of receiving stolen property, is raised for the first time on appeal and need not be addressed by us. RCr 9.54; *Caslin v. Commonwealth*, Ky., 491 S.W.2d 832 (1973). However, since this case is likely to be tried again we will consider it. Suffice it to say that the cases cited by appellant all interpreted the now repealed statute, KRS 433.-290 (formerly Section 1199 of the Kentucky Statutes). The present statute, KRS 514.-110, permits conviction of receiving stolen property when a person receives or *retains* property he knows to have been stolen. This clearly no longer requires property to have been stolen by another as did the old statute. The receipt or retention of the

stolen goods, not its source, is the gravamen of the offense enunciated by this statute. It seems this statute was intended to apply to situations just as this where stolen property is brought into this state from another. We are not concerned here with a situation in which the property was stolen in this state and is merely being retained incidentally to its theft.

## IV.

■ Prior to the cross-examination of Lee, the prosecutor advised the court that he proposed to ask the appellant if he had been previously convicted of a felony. The trial court ruled after a proper "Cotton hearing"[1] that the prior felony conviction was inadmissible. Immediately upon commencing his cross-examination, however, the prosecutor initiated the following exchange:

Q1 Mr. Lee, have you been convicted of a felony?

OBJECTION BY COUNSEL FOR DEFENDANT

A Yes. (Before the Court ruled).

2 What was that?

MR. SANDERS: Object

THE COURT: Yes, I sustained the objection (T.E., p. 57).

1. *Cotton v. Commonwealth*, Ky., 454 S.W.2d 698 (1970).

At the close of his cross-examination of appellant, he again asked: "And you do admit that you have been convicted of a felony prior to this time?" (T.E., p. 65). No motion was made by the defense either to admonish the jury or set aside its swearing.

The conduct of the prosecutor in inquiring as to the appellant's prior felony conviction appears to have been both calculated and inexcusable. The American Bar Association's Code of Professional Responsibility, adopted by the Kentucky Supreme Court (RCA 3.130), provides that a lawyer shall not "[i]ntentionally or habitually violate any established rule of procedure or evidence". DR 7–106(C)(7).

It is unthinkable that this conduct would recur upon retrial but if it does, the trial court, upon appropriate motion, should set aside the swearing of the jury and discipline the offender accordingly.

The judgment herein is reversed.

All concur.