RENDERED: JUNE 20, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0715-MR

FREDERICK RADFORD                                          APPELLANT


                    APPEAL FROM MUHLENBERG CIRCUIT COURT
v.                  HONORABLE BRIAN WIGGINS, JUDGE
                    ACTION NO. 23-CI-00269


TIMOTHY LANE, INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY AS
WARDEN OF GREEN RIVER
CORRECTIONAL COMPLEX; AND
COMMONWEALTH OF KENTUCKY,
JUSTICE AND PUBLIC SAFETY
CABINET, DEPARTMENT OF
CORRECTIONS                                               APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, CETRULO, AND A. JONES, JUDGES.

JONES, A., JUDGE: Frederick M. Radford, *pro se*, appeals from the Muhlenberg Circuit Court's order dismissing his civil complaint, entered April 23, 2024. We affirm the circuit court's order.

## BACKGROUND

Radford is an inmate currently serving a sentence with the Department of Corrections at its Green River Correctional Complex. The appellees (collectively "DOC") are Timothy Lane, the warden of the Green River facility; and essentially the Department of Corrections (*i.e.*, the agency itself, along with Lane in his official capacity). Radford alleges that, on May 9, 2023, he was traversing a walkway leading to the prison's yard when he crossed an unlevelled steel metal grate that caused him to "stump his footing and trip, causing him to fall," injuring him and necessitating medical treatment.

Following this incident, Radford filed a grievance with the DOC and in the field marked "action requested" asked the agency "To repare [sic] the walk way, no retaliation for filing this grievance." (Record ("R.") at 9.) On May 16, 2023, in the field at the bottom of Radford's grievance form marked "informal resolution stage," the grievance aide wrote: "We are looking into this matter and possibly doing some paving going back to T-building." *Id*. Radford was not satisfied with this resolution, and he elevated it through the prison administrative process. At each step, the administration agreed with Radford that the location

-2-

where he fell should be safe.  Ultimately, the Commissioner issued the following ruling:

> I have reviewed your grievance.  As stated at all levels of the grievance the Warden has approved the paving of the area that is outlined in the grievance.  Thus it appears your action requested will be met.  However, it may take a short while until the actual repairs are done.  Therefore I concur with the facility on this matter.

(R. at 13.)

On July 20, 2023, Radford filed a complaint in Muhlenberg Circuit Court against the appellees asserting they were aware of the defective condition which caused his injury.  Radford claimed the appellees' inaction violated his rights under Sections 2 and 17 of the Kentucky Constitution and the Eighth Amendment of the United States Constitution.  He also claimed the appellees were liable under "all other applicable State Statutes and Rules of law for gross negligence[.]"  (R. at 4.)  Radford requested a jury trial on his damages, which he asserted amounted to $50,000.  Notably, Radford asserted in his complaint that he "exhausted any and all administrative remedies pursuant to KRS[1] 454.415[.]"

On February 2, 2024, Radford moved for default judgment because the appellees had not answered his complaint.  On April 11, 2024, the appellees

---

[1] Kentucky Revised Statute.

responded by moving to dismiss pursuant to CR[2] 12.02. The circuit court granted their motion on April 23, 2024, stating in its order – consistent with the substance of the appellees' motion – that Radford's claims were barred because: (1) Radford had failed to exhaust his administrative remedies as required by KRS 454.415; (2) sovereign immunity precluded his claims against the DOC; and (3) qualified immunity precluded his claims against Warden Lane in his individual capacity. This appeal followed.

## ANALYSIS

Two of the three overarching assertions Radford makes in his brief are as follows. First, he believes the circuit court erred because, from all appearances of the record, it never adjudicated his motion for default judgment. Continuing in this vein, he adds that he was entitled to a default judgment because the appellees never filed an answer in this matter. Second, he argues the circuit court failed to provide him an adequate opportunity to respond to the appellees' motion to dismiss prior to entering its judgment.

These are not cognizable points of error. To begin, a motion to dismiss may be filed in lieu of an answer where, as here, the face of the complaint demonstrates the plaintiff has failed to state an actionable claim. *See* CR 12.02. Radford also waived any issues stemming from the circuit court's failure to

---

[2] Kentucky Rule of Civil Procedure.

adjudicate his motion for default judgment, or its failure to provide him what he believes would have been an adequate opportunity to respond to the appellees' motion to dismiss, because he did not raise either of those points before the circuit court and accordingly failed to preserve them for our review. *See, e.g.*, CR 59.05. "The appellate court reviews for errors, and a nonruling is not reviewable when the issue has not been presented to the trial court for decision." *Turner v. Commonwealth*, 460 S.W.2d 345, 346 (Ky. 1970); *see also Hatton v. Commonwealth*, 409 S.W.2d 818, 819-20 (Ky. 1966). "[I]t is the accepted rule that a question of law which is not presented to or passed upon by the trial court cannot be raised here for the first time." *Hutchings v. Louisville Trust Co.*, 276 S.W.2d 461, 466 (Ky. 1954).

Radford's third assertion is that the circuit court's bases for dismissing his claims were incorrect. However, Radford does nothing more in his brief than state what those bases were, and then state his unsupported belief that they were incorrect. In any event, it is unnecessary to venture beyond the circuit court's first basis for purposes of resolving this appeal. The circuit court held:

> The Petitioner failed to exhaust his administrative remedies. He *did* file a grievance but made no reference to the constitutional claims raised herein. Further, his grievance does not reference the warden. Moreover, the Petitioner has brought no claims before the Board of Claims. Because of his failure to sufficiently exhaust his administrative remedies, all of his claims shall be dismissed.

April 23, 2024 Order; (R. at 86.)

We agree with the circuit court that Radford's case required dismissal because his complaint failed to demonstrate exhaustion of administrative remedies. KRS 454.415(1) provides as follows:

> No action shall be brought by or on behalf of an inmate, with respect to . . . [a] conditions-of-confinement issue[ ] until administrative remedies as set forth in the policies and procedures of the Department of Corrections, county jail, or other local or regional correctional facility are exhausted.

Furthermore, the statute uses mandatory language requiring an inmate to attach documents showing exhaustion of administrative remedies and requiring the circuit court to dismiss a complaint if an inmate fails to exhaust administrative remedies. KRS 454.415(3)-(4).

Radford's constitutional and common law claims were subject to administrative exhaustion requirements because they were conditions-of-confinement issues. *See Williams v. Commonwealth*, Nos. 2019-CA-0964-MR, 2020-CA-0638-MR, 2021 WL 943753, *3 (Ky. App. Mar. 12, 2021) (unpublished) (explaining inmate's claims under the Eighth and Fourteenth Amendments of the United States Constitution, which prohibits cruel and unusual punishment, arise from conditions of confinement and are thus subject to KRS 454.415; cited with approval in *Martin v. Commonwealth*, 639 S.W.3d 433, 436-37 (Ky. App. 2022)).

*See also Merriweather v. Commonwealth*, No. 2020-CA-1182-MR, 2021 WL

5977912, at \*2 (Ky. App. Dec. 17, 2021) (unpublished) ("When conditions of

confinement are at issue, like they are here, the proper avenue is for the prisoner to

pursue his claims through the prison grievance system. *See* KRS 454.415. If the

prisoner still has concerns after fully exhausting his administrative remedies, he

may file a civil action against the warden pursuant to KRS 418.040. A civil,

conditions-of-confinement suit is the appropriate way for Merriweather to raise his

constitutional challenges.").[3] This is so regardless of whether the administrative

process could result in monetary damages. *See* KRS 454.415(2) ("[a]dministrative

remedies shall be exhausted even if the remedy the inmate seeks is unavailable.").

Pursuant to CPP[4] 14.5II.A.1., an inmate who "believes that he has

suffered a loss or injury to his person or property as a result of negligence on the

part of Corrections or its employee or agent . . . may file a claim with the Claims

Commission."[5] CPP 14.5I. explains that the "Claims Commission" is "the entity

---

[3] We cite *Williams* and *Merriweather* as persuasive authority. *See Johnson v. Commonwealth*, 659 S.W.3d 832, 837 (Ky. App. 2021) (citation omitted) ("[U]npublished opinions are not binding precedent, but only persuasive authority.").

[4] Department of Corrections' Policies and Procedures. The CPP sections cited herein have been effectively incorporated by reference into the applicable regulations. *See* 501 Kentucky Administrative Regulation (KAR) 6:020 § 1. This Court may take judicial notice of the CPP, as it is a public document. *Fox v. Grayson*, 317 S.W.3d 1, 18 n.82 (Ky. 2010). Chapter 14 of the effective version of the CPP is currently available at: https://corrections.ky.gov/About/cpp/Pages/Chapter-14.aspx (last visited 5/21/25).

[5] *See* CPP 14.5.

established in KRS 49.010 that has the authority to address negligence claims against the Commonwealth and its agencies pursuant to KRS 49.020(1)."[6] Parenthetically, and as the circuit court somewhat indicated in its order, the entity established in KRS 49.010 that has the authority to address negligence claims against the Commonwealth and its agencies pursuant to KRS 49.020(1) is currently the Board of Claims. *See* KRS 49.020(5). None of Radford's documents purporting to show administrative exhaustion demonstrate he presented any claim to the Board of Claims.

Radford's documents instead demonstrate he took administrative action through the grievance process delineated in CPP 14.6. And that aside, none of Radford's grievances to prison administration claimed the appellees' inaction violated his rights under Sections 2 or 17 of the Kentucky Constitution or the Eighth Amendment of the United States Constitution, or otherwise constituted negligence. Radford only made a request for the prison to remediate what he believed was a hazardous condition presented by the unlevelled steel metal grate – an action which the administration repeatedly agreed to take.

When an inmate fails to argue grounds in his administrative proceedings, he is precluded from subsequently presenting those grounds to the circuit court. "The failure to raise an issue before an administrative body precludes

---

[6] *Id.*

a litigant from asserting that issue in an action for judicial review of the agency's action." *O'Dea v. Clark*, 883 S.W.2d 888, 892 (Ky. App. 1994). The circuit court did not err in dismissing this case under KRS 454.415.

## CONCLUSION

Considering the foregoing, we AFFIRM the Muhlenberg Circuit Court's order dismissing Radford's complaint.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Frederick M. Radford, *pro se*
Central City, Kentucky

BRIEF FOR APPELLEES:

Richard D. Lilly
Frankfort, Kentucky