RENDERED:  JUNE 27, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1181-MR

BRENDA M. WHITFILL                                    APPELLANT

v.           APPEAL FROM BRECKINRIDGE CIRCUIT COURT
             HONORABLE BRUCE T. BUTLER, JUDGE
             ACTION NO. 16-CI-00051

DENNIS R. WHITFILL                                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  A. JONES, L. JONES, AND KAREM, JUDGES.

KAREM, JUDGE:  Brenda M. Whitfill ("Brenda") appeals from the Breckinridge

Circuit Court's order modifying the amount of child support to be paid by Brenda's

ex-husband, Dennis R. Whitfill ("Dennis").  Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Brenda and Dennis married on May 10, 1996, in Breckinridge

County, Kentucky, and separated in December 2015.  Brenda filed a verified

petition for dissolution on March 3, 2016 (the "Petition"). The parties had three (3) minor children at the time Brenda filed the Petition – B.M.W., who was born on April 15, 2000; L.R.W., who was born on September 15, 2005; and C.J.W., who was born on June 12, 2007.

The parties signed a Property Settlement Agreement (the "Agreement") on September 13, 2017, which the circuit court incorporated into its Findings of Fact, Conclusions of Law, and Decree of Dissolution of Marriage entered on November 9, 2017. In the Agreement, the parties agreed that they would have joint custody of the parties' three (3) minor children, with Brenda named as the primary residential custodian. Additionally, the Agreement contained the following provisions:

> 1. **REAL PROPERTY**. [Brenda] shall reside in the marital residence . . . until such time as C.J.W. turns 19 years [of] age, or graduates from high school, whichever first occurs.
>
> When C.J.W. reaches the age of 19 years or graduates, the parties will attempt to reach an agreement regarding disposition of the marital residence. If they are unable to do so, then either party may move the Court for a resolution. . . .
>
> For responsibility of payment of the mortgage, please see paragraph 5 herein.
>
> . . .
>
> 5. **CHILD SUPPORT**. [Dennis] shall pay the sum of $1,282.24 per month. [Dennis] will pay the mortgage

from that amount each month and the remainder will be paid to [Brenda] in cash. [Dennis] agrees not to seek a modification of child support upon B.M.W. reaching [sic] an age where child support is no longer required. Child support shall continue for each child until . . . each child reaches the age of eighteen years, or the age of 19 so long as that child is still a student in high school. [Dennis] shall be allowed to take the mortgage interest deduction for the house payments made hereunder each year that child support is due.

On September 22, 2023, Dennis filed a motion with the circuit court requesting to modify and recalculate the child support amount based on the fact that the parties' middle child, L.R.W., had reached the age of majority.

Brenda also filed a motion to modify child support on October 11, 2023, requesting that the circuit court conduct a new hearing pursuant to Kentucky Revised Statute ("KRS") 403.213(2) based on her belief that Dennis's current gross monthly income would cause the child support amount Dennis owed to increase by more than fifteen percent (15%).

The Domestic Relations Commissioner ("DRC") held a hearing on December 7, 2023, on the parties' motions. Thereafter, the DRC filed a report on January 18, 2024, recommending that the circuit court modify Dennis's child support payments, per the guidelines, to $673.69 per month, retroactively to September 22, 2023, the date Dennis filed his motion to modify child support. Brenda filed exceptions to the DRC's report on January 28, 2024. The exceptions did not dispute the amount of child support recommended by the DRC or the

-3-

amount of the parties' incomes. Rather, Brenda only raised the issue of whether Dennis was still obligated to pay the monthly mortgage on the marital residence. Specifically, Brenda claimed that Dennis should pay a combined monthly amount of $1,500.19, comprising the monthly mortgage payment and the modified child support amount. However, the circuit court confirmed the DRC's report in its entirety by order entered on February 9, 2024.

Thereafter, on March 11, 2024, Brenda filed a motion for the circuit court to hold Dennis in contempt for his alleged failure to pay his child support obligations. Dennis contended that he had continued to pay the entire mortgage amount, but no longer paid Brenda any remainder because the mortgage payment was larger than the modified amount of child support Dennis was obligated to pay. Following a hearing, the circuit court entered an order on May 1, 2024, denying Brenda's motion to hold Dennis in contempt and "suggest[ing] the mortgage payment amount and child support be placed before the [DRC] for clarification regarding the mortgage amount and any related matters."

On May 15, 2024, Brenda filed a motion to determine child support arrearage amounts, stating that she had not received a child support payment since February 2024 and that the amount she received in February was only $455.74. Following a hearing before the DRC regarding the determination of who was responsible for the mortgage payments, the DRC issued a report on September 3,

2024, recommending that Dennis pay a monthly sum of $673.69 in child support. Further, the DRC's report stated that Brenda, "who resides in the marital residence, shall continue to be responsible for the payment of the mortgage note related to the residence from her funds as she has under the [Agreement] since 2017." Brenda filed exceptions to the DRC's report; however, the circuit court confirmed the DRC's report in full on September 24, 2024. This appeal followed.

We will discuss further facts as they become relevant.

## ANALYSIS

### 1. Standard of Review

Regarding matters of child support, the circuit court has broad discretion, and this Court ordinarily will not reverse a circuit court's decision regarding support unless it abused its discretion. *Wilhoit v. Wilhoit*, 521 S.W.2d 512, 513 (Ky. 1975) (citation omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

Moreover, "[i]t is well established that construction and interpretation of a written instrument are questions of law for the court. We review questions of law *de novo* and, thus, without deference to the interpretation afforded by the

-5-

circuit court." *Cinelli v. Ward*, 997 S.W.2d 474, 476 (Ky. App. 1998) (citations omitted).

### 2. Discussion

On appeal, Brenda contends that the mortgage payments were not child support but rather a marital debt. Thus, she argues that Dennis should continue making the mortgage payment as well as the modified child support amount of $673.69. We must first determine whether, under the Agreement, the mortgage payments were a form of child support or property settlement. If the mortgage payments were child support, then they could be modified under KRS 403.213(1) "only upon a showing of a material change in circumstances that is substantial and continuing." If the mortgage payments were part of the property settlement, then they could only be "revoked or modified" if "the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state." KRS 403.250(1).

Turning to our analysis of the Agreement, "[w]hen no ambiguity exists in the contract, we look only as far as the four corners of the document to determine the parties' intentions." *3D Enterprises Contracting Corp. v. Louisville and Jefferson County Metro. Sewer Dist.*, 174 S.W.3d 440, 448 (Ky. 2005) (citation omitted). "The fact that one party may have intended different results, however, is insufficient to construe a contract at variance with its plain and

unambiguous terms." *Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.*, 94 S.W.3d 381, 385 (Ky. App. 2002) (citation omitted).

In this case, after examining the four corners of the Agreement, we believe that the parties originally intended that the portion of the $1,282.24 amount Dennis paid to the loan servicer was a form of child support. Section 5 of the Agreement was titled "CHILD SUPPORT," and it stated that Dennis would pay the mortgage *from* the $1,282.24 amount each month directly to the loan servicer. The Agreement then provided that Dennis would pay the remainder to Brenda in cash. Thus, it appears that the parties' intent was for the payments Dennis made to the loan servicer to be a part of his overall child support obligation, not an amount *in addition to* his child support obligation. Based upon the distinctive intertwining, consolidation, and linkage of the mortgage payment to child support throughout these proceedings, we construe the mortgage payment as a child support issue.

Therefore, we must determine whether the requirements for modifying a child support award have been met in this case. In a dissolution proceeding where the parties have entered into a settlement agreement, the terms regarding child support are not binding on the trial court. KRS 403.180(2). Moreover, as already discussed, a child support award may only be modified under KRS 403.213(1) "upon a showing of a material change in circumstances that is substantial and continuing."

Furthermore, if a trial court applies the guidelines outlined in KRS Chapter 403 to the parties' circumstances at the time the moving party files his or her motion and if the result under the guidelines is "equal to or greater than a fifteen percent (15%) change in the amount of support due per month[,]" then the moving party is entitled to a rebuttable presumption that "a material change in circumstances" has occurred. KRS 403.213(2).

In this case, neither party disputed that the original child support payment owed by Dennis was $1,282.24 per month and that the modified amount under the guidelines was $673.69 per month. Thus, under KRS 403.213(2), Dennis was entitled to a rebuttable presumption that a material change in circumstances had occurred, which Brenda failed to rebut. As a result, Dennis's motion for modification and recalculation of his child support amount met the requirements of KRS 403.213(1), and we can discern no error by the circuit court.

Further, we decline to address any of Brenda's arguments regarding any possible arrearages Dennis may owe. Brenda only appealed the circuit court's order confirming the DRC's September 3, 2024, report, which did not make any findings or legal conclusions regarding any possible arrearages owed. "The appellate court reviews for errors, and a nonruling is not reviewable when the issue has not been presented to the trial court for decision." *Turner v. Commonwealth*, 460 S.W.2d 345, 346 (Ky. 1970).

## CONCLUSION

For the foregoing reasons, we affirm the Breckinridge Circuit Court's order confirming the DRC's September 3, 2024, report.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Stephen G. Hopkins
Hardinsburg, Kentucky

BRIEF FOR APPELLEE:

Douglas P. Vowels
Brandenburg, Kentucky