NICKELL, JUDGE:
Jeanette Jones has appealed from the denial by the Pulaski Circuit Court, Family Division, of her motion to alter, amend or vacate its findings of fact, conclusions of law and decree of dissolution of marriage ending her union with David Samuel Livesay ("Sam"). She challenges the trial court's findings on timesharing with the parties' minor son and a portion of its classification and division of marital and nonmarital assets. Following a careful review, we affirm.
Jeanette and Sam married in 2008 and separated in 2014. A son was born of the union. Sam filed for divorce in September 2014. After an extensive period of discovery and motion practice, the matter came on for final hearing on March 21, 2016. The trial court entered its findings of fact, conclusions of law and decree of dissolution of marriage on May 12, 2016. The decree granted the parties joint custody of their son with a "2-2-3" visitation schedule,[1] designated neither party as primary residential parent, restored the parties their nonmarital assets, and divided the marital estate. Dissatisfied with the division of assets and the timeshare arrangement, Jeanette moved to alter, amend or vacate the decree pursuant to CR 2 59.05. The trial court denied the motion, and this appeal followed.
As an initial matter, Sam has moved to dismiss the appeal for Jeanette's failure to appeal from a final order. Jeanette did not respond. CR 73.03(1) provides that "[t]he notice of appeal shall ... identify the judgment, order or part thereof appealed from." Sam contends Jeanette's notice of appeal references only the order denying her CR 59.05 motion, an inherently interlocutory and non-appealable order. He argues dismissal is required, citing Hoffman v. Hoffman , 500 S.W.3d 234, 236-37 (Ky. App. 2016). We disagree.
*50 Since 1986, Kentucky has adopted a policy of substantial compliance rather than strict compliance regarding precisely this issue. See, e.g., Ready v. Jamison , 705 S.W.2d 479 (Ky. 1986). Because the judgment appealed from (the May 12, 2016, decree of dissolution) is obvious to this Court, and Sam has demonstrated no substantial harm or prejudice, our policy of substantial compliance dictates dismissing Jeanette's appeal on this basis would be inappropriate. Id. at 481-82.
Next, in contravention of CR 76.12(4)(c)(v), Jeanette does not state how she preserved any of her arguments in the trial court.
CR 76.12(4)(c) [ (v) ] in providing that an appellate brief's contents must contain at the beginning of each argument a reference to the record showing whether the issue was preserved for review and in what manner emphasizes the importance of the firmly established rule that the trial court should first be given the opportunity to rule on questions before they are available for appellate review. It is only to avert a manifest injustice that this court will entertain an argument not presented to the trial court. (citations omitted).
Elwell v. Stone , 799 S.W.2d 46, 48 (Ky. App. 1990) (quoting Massie v. Persson , 729 S.W.2d 448, 452 (Ky. App. 1987) ). We require a statement of preservation:
so that we, the reviewing Court, can be confident the issue was properly presented to the trial court and therefore, is appropriate for our consideration. It also has a bearing on whether we employ the recognized standard of review, or in the case of an unpreserved error, whether palpable error review is being requested and may be granted.
Oakley v. Oakley , 391 S.W.3d 377, 380 (Ky. App. 2012).
Further, in contravention of CR 76.12(4)(c)(iv) and (v) which require ample references to the trial court record supporting each argument, Jeanette's brief contains only two such references in the argument section. Both references appear in the same paragraph and are to the same document which has little bearing on the argument presented. This simply does not constitute ample citation to the record.
Failing to comply with the civil rules is an unnecessary risk the appellate advocate should not chance. Compliance with CR 76.12 is mandatory. See Hallis v. Hallis, 328 S.W.3d 694, 696 (Ky. App. 2010). Although noncompliance with CR 76.12 is not automatically fatal, we would be well within our discretion to strike her brief or dismiss the appeal for Jeanette's failure to comply. Elwell, 799 S.W.2d 46. While we have chosen not to impose such a harsh sanction, we caution counsel such latitude may not be extended in the future.
Jeanette advances four allegations of error in seeking reversal. First, she contends the visitation schedule is improper and should be set aside. Second, she argues the trial court erred in classifying three parcels of real estate as nonmarital. Next, Jeanette challenges the trial court's division of personal property as being inequitable. Finally, she argues the trial court erred in awarding Sam a nonmarital interest in another parcel of real estate.
In a dissolution action, the well-settled standard of review of a trial court's legal findings is de novo. Hunter v. Hunter , 127 S.W.3d 656, 659 (Ky. App. 2003). It is also well-settled that an appellate court may set aside a lower court's factual findings
only if those findings are clearly erroneous. And, the dispositive question that we must answer, therefore, is whether the trial court's findings of fact are clearly erroneous, i.e. , whether or not *51 those findings are supported by substantial evidence. "[S]ubstantial evidence" is "[e]vidence that a reasonable mind would accept as adequate to support a conclusion" and evidence that, when "taken alone or in the light of all the evidence, ... has sufficient probative value to induce conviction in the minds of reasonable men." Regardless of conflicting evidence, the weight of the evidence, or the fact that the reviewing court would have reached a contrary finding, "due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses" because judging the credibility of witnesses and weighing evidence are tasks within the exclusive province of the trial court. Thus, "[m]ere doubt as to the correctness of [a] finding [will] not justify [its] reversal," and appellate courts should not disturb trial court findings that are supported by substantial evidence.
Moore v. Asente , 110 S.W.3d 336, 354 (Ky. 2003) (footnotes omitted). See also CR 52.01, Reichle v. Reichle , 719 S.W.2d 442 (Ky. 1986). We review the trial court's application of the law to those facts de novo. Lindley v. Paducah Bank & Trust, 114 S.W.3d 259, 263 (Ky. App. 2002).
The inherent nature of domestic relations proceedings tends to breed hostility. Dissension is not uncommon, emotions are heightened, and the proffering of conflicting evidence is a virtual certainty. Trial courts are faced with the difficult task of weeding through emotionally-charged testimony and often slanted evidence to reach a fair and equitable result. Because of this, trial courts are afforded broad discretion in dividing marital property and marital debt. We will not disturb a trial court's rulings on these issues in the absence of an abuse of its discretion or clearly erroneous factual findings. Powell v. Powell , 107 S.W.3d 222, 224 (Ky. 2003) ; Smith v. Smith , 235 S.W.3d 1, 6 (Ky. App. 2006). "An abuse of discretion generally 'implies arbitrary action or capricious disposition under the circumstances, at least an unreasonable and unfair decision.' " Rice v. Rice , 372 S.W.3d 449, 452 (Ky. App. 2012) (citation omitted). Clearly erroneous factual findings are those not supported by substantial evidence. Mullins v. Picklesimer , 317 S.W.3d 569, 581 (Ky. 2010).
Trial courts are likewise vested with broad discretion in matters concerning custody and visitation. Futrell v. Futrell , 346 S.W.2d 39 (Ky. 1961) ; Drury v. Drury , 32 S.W.3d 521, 525 (Ky. App. 2000). In the absence of an abuse of discretion, we will not disturb a trial court's decision. Young v. Holmes , 295 S.W.3d 144, 146 (Ky. App. 2009). The test is not whether we as an appellate court would have decided the matter differently, but whether the trial court's rulings were clearly erroneous or constituted an abuse of discretion. Cherry v. Cherry , 634 S.W.2d 423, 425 (Ky. 1982). With these standards in mind, we address each allegation of error.
For her first allegation, Jeanette asserts the trial court's decision to set a "2-2-3" timesharing schedule and not designate a primary residential parent should be set aside. However, apart from reciting the law applicable to setting aside a trial court's factual findings and reviewing a trial court's custody determination, nothing of substance is advanced in support of her contention. We will not search the record to construct Jeanette's argument for her, nor will this Court undergo a fishing expedition to find support for underdeveloped arguments. "Even when briefs have been filed, a reviewing court will generally confine itself to errors pointed out in the briefs and will not search the record for errors."
*52 Milby v. Mears , 580 S.W.2d 724, 727 (Ky. App. 1979). While she is obviously dissatisfied with the trial court's decision, threadbare recitals of the elements of a legal theory, supported by mere conclusory statements, form an insufficient basis upon which this Court can grant relief. Nevertheless, substantial evidence was presented before the trial court that equal timesharing would be in the minor child's best interest. We discern no clear error or abuse of discretion in the trial court's timesharing order.
Second, Jeanette argues the trial court erred in determining three parcels of real estate were nonmarital. She appears to contend an agreement existed between the parties to "gift" each other an interest in what was otherwise nonmarital property, thereby converting those assets to marital in nature. As before, her argument consists mainly of a recitation of theories of law[3] and little else. Further, a review of the record reveals she challenged the classification of only one of the parcels before the trial court and not on the same grounds as argued before this Court. This is fatal to her argument on appeal.
It has long been this Court's view that specific grounds not raised before the trial court, but raised for the first time on appeal will not support a favorable ruling on appeal. Most simply put, "[a] new theory of error cannot be raised for the first time on appeal." Springer v. Commonwealth , 998 S.W.2d 439, 446 (Ky. 1999) (discussing specifically a directed verdict issue); see, e.g., Harrison v. Leach , 323 S.W.3d 702, 708-09 (Ky. 2010) ; Ten Broeck Dupont, Inc. v. Brooks , 283 S.W.3d 705, 734 (Ky. 2009) ("More importantly, this precise argument was never made in the trial court. An appellate court 'is without authority to review issues not raised in or decided by the trial court.' ") (quoting Regional Jail Authority v. Tackett , 770 S.W.2d 225, 228 (Ky. 1989) ); Combs v. Knott County Fiscal Court , 283 Ky. 456, 141 S.W.2d 859, 860 (1940) ("[A]ppellant is precluded from raising that question on appeal because it was not raised or relied upon in the court below. It is an unvarying rule that a question not raised or adjudicated in the court below cannot be considered when raised for the first time in this court.").
Fischer v. Fischer , 348 S.W.3d 582, 588 (Ky. 2011). "The appellate court reviews for errors, and a nonruling is not reviewable when the issue has not been presented to the trial court for decision." Turner v. Commonwealth , 460 S.W.2d 345, 346 (Ky. 1970) ; see also Hatton v. Commonwealth, 409 S.W.2d 818, 819-20 (Ky. 1966). "[I]t is the accepted rule that a question of law which is not presented to or passed upon by the trial court cannot be raised here for the first time." Hutchings v. Louisville Trust Co. , 276 S.W.2d 461, 466 (Ky. 1955) ; Benefit Ass'n of Ry. Employees v. Secrest , 239 Ky. 400, 39 S.W.2d 682, 687 (1931). "The underlying principle of the rule is to afford an opportunity to the trial court, before or during the trial or hearing, to rule upon the question raised." Hartsock v. Commonwealth , 382 S.W.2d 861, 864 (Ky. 1964).
Because this allegation of error was not properly presented or preserved in the trial court, it cannot serve as the basis of *53 reversal on appeal. No further discussion is warranted.
Next, Jeanette argues the trial court's division of marital personal property was not equitable. She believes Sam was awarded a disproportionate share of the marital estate. This argument is afflicted by the same flaws as her previous ones as it again consists of little more than citation to general authority and bald assertions of fact and unsupported beliefs. While it appears the bulk of her challenge is centered on the failure of the trial court's order to include dollar amounts for each individual asset, she cites no authority requiring a trial court to do so. Further, the rationale underlying her challenge was never presented or argued to the trial court. These flaws are again fatal to her argument. No further discussion is necessary or warranted.
Finally, Jeanette argues the trial court erred in awarding Sam a $45,000 nonmarital interest in a farm purchased after the date of marriage. The trial court concluded Sam utilized nonmarital funds to remodel and rehabilitate the residence located on the farm and awarded him the amount of the increase in value of the real estate due to the work as his nonmarital share. Jeanette contends marital funds were used to renovate the residence and Sam's attempted tracing of the repayment of those funds to a nonmarital source was unclear and incomplete. We disagree.
"Tracing" is defined as "[t]he process of tracking property's ownership or characteristics from the time of its origin to the present." In the context of tracing nonmarital property, "[w]hen the original property claimed to be nonmarital is no longer owned, the nonmarital claimant must trace the previously owned property into a presently owned specific asset." The concept of tracing is judicially created and arises from KRS 403.190(3) 's presumption that all property acquired after the marriage is marital property unless shown to come within one of KRS 403.190(2) 's exceptions. A party claiming that property, or an interest therein, acquired during the marriage is nonmarital bears the burden of proof.
Sexton v. Sexton , 125 S.W.3d 258, 266 (Ky. 2004) (footnotes omitted).
Here, it is undisputed the renovations were initially paid for using funds from a marital account. It is also undisputed that shortly thereafter Sam received an inheritance following the death of his mother and those funds were deposited into the marital account. Sam testified as to the source of funds and introduced bank records detailing the transactions, revealing the purpose of depositing the inheritance money was to reimburse the marital account for the cost of renovations. He further testified he was aware the inheritance was impending at the time the work was completed, and the improvements would not have been accomplished without the inheritance. We are directed to no evidence contradicting Sam's testimony. Contrary to Jeanette's assertion, nothing about the evidence was incomplete or unclear. The evidence presented was sufficient to require a finding the increase in the value of the farm was due to Sam's expenditure of nonmarital funds and should be assigned to him. Thus, we discern no error in the trial court's determination.
For the foregoing reasons, the judgment of the Pulaski Circuit Court, Family Division, is AFFIRMED.
ALL CONCUR.

According to the decree,
parent "one" shall enjoy Monday and Tuesday of week one and the weekend beginning Friday until Sunday; and parent "two" shall enjoy Wednesday and Thursday of week one. Beginning week two parent "two" shall receive Monday and Tuesday and the weekend beginning Friday until Sunday and parent "one" shall receive Wednesday and Thursday of week two and so forth.

In contravention of CR 76.28(4)(c), the primary legal theory advanced is based on an unpublished Opinion of this Court. Citations to other unpublished Opinions are utilized to bolster her discussion. Jeanette did not attach a copy of the unpublished decisions to her brief as required by the rule, but more importantly, a published Opinion adequately addresses the narrow issue presented, thereby rendering use of the unpublished decisions wholly improper. We have disregarded the offending portions of her brief.