RENDERED: NOVEMBER 20, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0843-MR

MARY PURO                                    APPELLANT

v.            APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE AUDRA J. ECKERLE, JUDGE
ACTION NO. 19-CI-001374

MANAGEMENT REGISTRY, INC.
d/b/a MALONE WORKFORCE
SOLUTIONS                                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; DIXON AND JONES, JUDGES.

CLAYTON, CHIEF JUDGE: Mary Puro ("Puro") appeals from the Jefferson Circuit Court's order holding that an arbitration agreement entered into by Puro as a condition of her employment with Management Registry, Inc. ("MRI") was enforceable and requiring Puro to pay the attorneys' fees and costs of litigation as

required under the arbitration agreement. Upon review of the facts and applicable law, we affirm.

## BACKGROUND

Puro was employed as a business development director for MRI's healthcare division from December of 2016 until her termination in June of 2018. MRI's healthcare division provided private health services to homebound patients. On January 3, 2017, Puro executed a written agreement (the "Arbitration Agreement") under which all claims covered by the Arbitration Agreement were to be submitted to arbitration. The following claims were included under the Arbitration Agreement: claims for wrongful termination, claims for age and disability discrimination, "whistleblower" claims, retaliation claims, and claims for a violation of any non-criminal federal, state, or other governmental law.

Additionally, the Arbitration Agreement included the following language:

> This Program will prevent you from filing a lawsuit in Court for individual relief for a legal claim subject to arbitration. . . . This Program shall constitute the mandatory and exclusive means by which all covered workplace claims may be resolved.

Moreover, the Arbitration Agreement provided that:

> If either party pursues a legal claim covered by the Dispute Resolution Program in court by any means other than arbitration, the responding party shall be entitled to stay or dismissal of such action, the remand of such

action to arbitration, and the recovery of all costs and
attorneys' fees and expenses related to such action.

Puro also executed a separate employment agreement on January 9, 2017 (the

"Employment Agreement"), in which she again agreed to be bound by the

mandatory arbitration requirement.

A few months into Puro's employment with MRI, Puro alleged that

she learned of several policies and practices that she felt needed to be remedied,

including MRI's acceptance of certain assignments to provide caregivers which it

was unable to fill or that were outside of its Certificate of Need and MRI's failure

to have a proper system in place to assess caregivers. Puro claimed that she had

reported such issues to MRI's management, but that MRI took no action to address

them. MRI ultimately terminated Puro in June of 2018.

On March 4, 2019, Puro filed the instant action alleging – among

other claims – retaliation and wrongful termination in violation of both Kentucky

Revised Statute ("KRS") 216B.165 and Kentucky common law for reporting the

claimed patient care issues. Puro further alleged that MRI violated the Family and

Medical Leave Act for terminating her soon after she took leave to recover from

certain ankle and foot injuries, as well as impermissibly discriminated against her

based on a perceived disability and based on her age.

MRI filed a motion to dismiss Puro's complaint or to compel

arbitration, arguing that, pursuant to the parties' express agreement, Puro's claims

were required to be submitted to arbitration and therefore that her complaint should be dismissed. In addition, MRI contended that it was entitled to the recovery of attorneys' fees and costs related to Puro's filing of the complaint and as set forth in the Arbitration Agreement. Puro responded, arguing that the Arbitration Agreement violated KRS 336.700 because MRI required that Puro execute the Arbitration Agreement as a condition of her employment with MRI.

The circuit court found in favor of MRI in a written order entered on May 1, 2019. Specifically, the circuit court discussed that the legislature had signed Kentucky State Senate Bill 7 into law on March 25, 2019, which amended KRS 336.700 to include a provision that specifically allowed arbitration agreements as a condition of employment. Therefore, the court found both the Arbitration Agreement and the Employment Agreement to be valid under KRS 336.700 and enforceable, dismissed Puro's complaint, and ordered Puro to pay the attorneys' fees and costs MRI incurred in litigating the case. The court further ordered MRI to submit an affidavit of its attorneys' fees and costs to determine the reasonableness of such expenses.

MRI's counsel filed such an affidavit on May 9, 2019. Puro filed no objection to either the court's May 1, 2019 order or the fee affidavit, and the court entered an order on May 16, 2019 finding the fees contained in MRI's counsel's affidavit to be reasonable and ordered such costs to be paid by Puro.

Also, on May 16, 2019, Puro entered a "response and objection" to MRI's attorney fee petition. In such response, Puro argued that the version of KRS 336.700 that was in effect when the lawsuit was filed did not contain the amendment relied upon by the circuit court in determining the enforceability of the agreements. Therefore, Puro argued that it was unfair and unreasonable to award fees against her under those circumstances and that awarding attorneys' fees and costs would violate federal and state due process protections.

Additionally, on May 23, 2019, Puro filed a motion to vacate and reconsider pursuant to Kentucky Rules of Civil Procedure ("CR") 59.05 and 60.02 referencing the same arguments made in her "response and objection" to MRI's attorney fee petition. The circuit court ruled that Puro's motion to reconsider or vacate was untimely as it pertained to MRI's entitlement to attorneys' fees, as the court's final order was entered on May 1, 2019, and no motion to alter, amend, or vacate was timely filed under CR 59.05. Further, the circuit court noted that Puro had failed to challenge the reasonableness of MRI's counsel's attorneys' fees and had therefore failed to preserve that issue as well. This appeal followed.

## ANALYSIS

Puro first argues that applying the amended version of KRS 336.700 retroactively to the case at hand violated her due process rights and infringed upon the separation of powers doctrine. Puro further argues that the Arbitration

Agreement violated the version of KRS 336.700 in effect at the time of the

underlying events and was therefore unenforceable.

The pre-amended version of KRS 336.700 stated as follows, in

applicable part:

> (2) Notwithstanding any provision of the Kentucky
> Revised Statutes to the contrary, no employer shall
> require as a condition or precondition of employment that
> any employee or person seeking employment waive,
> arbitrate, or otherwise diminish any existing or future
> claim, right, or benefit to which the employee or person
> seeking employment would otherwise be entitled under
> any provision of the Kentucky Revised Statutes or any
> federal law.

KRS 336.700, 1994 c 355, § 1, c 304, § 1, eff. 7-15-94. Alternatively, the

amended version of the statute provides, in applicable part:

> (2) Notwithstanding any provision of the Kentucky
> Revised Statutes to the contrary and ***except as provided
> in subsection (3) of this section***, no employer shall
> require as a condition or precondition of employment that
> any employee or person seeking employment waive or
> otherwise diminish any existing or future claim, right, or
> benefit to which the employee or person seeking
> employment would otherwise be entitled under any
> provision of the Kentucky Revised Statutes or any
> federal law.
>
> ***(3) Notwithstanding subsection (2) of this section:***
>
> > ***(a) Any employer may require an employee or
> > person seeking employment to execute an
> > agreement for arbitration, mediation, or other
> > form of alternative dispute resolution as a
> > condition or precondition of employment;***

. . .

(8) ***This section shall apply prospectively and retroactively***.

KRS 336.700, 2019 c 75, § 1, eff. 6-27-19 (emphasis added).

As a preliminary matter, MRI argues that Puro did not preserve her arguments on appeal because she never raised in a timely manner either the retroactive application of KRS 336.700 or attorneys' fees and costs as issues before the circuit court. Under Kentucky law, a party cannot raise an issue for the first time on appeal. As a panel of this Court said in *Jones v. Livesay*, "[i]t has long been this Court's view that specific grounds not raised before the trial court, but raised for the first time on appeal will not support a favorable ruling on appeal." 551 S.W.3d 47, 52 (Ky. App. 2018) (citations and quotation marks omitted). In other words, "it is the accepted rule that a question of law which is not presented to or passed upon by the trial court cannot be raised here for the first time." *Hutchings v. Louisville Trust Co.*, 276 S.W.2d 461, 466 (Ky. 1954) (citation omitted). Moreover, "[a] basic general principle of the Rules of Civil Procedure is that a party is not entitled to raise an error on appeal *if he [or she] has not called the error to the attention of the trial court and given that court an opportunity to correct it*." *Little v. Whitehouse*, 384 S.W.2d 503, 504 (Ky. 1964) (citations omitted) (emphasis added).

In this case, we agree with MRI that Puro did not adequately preserve either the retroactive application of KRS 336.700 or any issues surrounding attorneys' fees and costs. As an initial matter, we note that the first mention of KRS 336.700 was in fact discussed in Puro's response to MRI's motion to dismiss. Therefore, the court's analysis of the amended version of KRS 336.700 could not be described as *sua sponte*, as Puro's response to MRI's motion to dismiss clearly discussed the applicability of KRS 336.700 to the case. Any resulting discussion of KRS 336.700 by the court, whether with reference to the amended or unamended version of the statute, cannot be said to have been *sua sponte* or purely upon the court's own initiative.

Moreover, based on Kentucky law, to provide the circuit court with the opportunity to rule on an issue as required for the issue to be preserved for appeal, the issue must be specifically raised by the party asserting error in a timely manner. Puro herself recognized this when she filed both her "response and objection" to the attorneys' fees and her motion to alter, amend, or vacate. However, both filings were untimely, as they were filed more than ten days after the circuit court's final and appealable order ruling on the issue. *See* CR 59.05 ("A motion to alter or amend a judgment, or to vacate a judgment and enter a new one, shall be served not later than 10 days after entry of the final judgment."). Puro was the first litigant to discuss the applicability of KRS 336.700 to the case, and she

was required to bring her objections regarding the applicability of the amended version of KRS 336.700 to the court in a timely manner. She did not do so.

Additionally, Puro's claim that the issue of retroactivity was preserved for appeal in the circuit court's own May 1, 2019 order is unavailing. As previously discussed, any issues must be specifically raised to the circuit court by the party asserting error. It was Puro's responsibility to raise the issues of any claimed error to the circuit court in such a way that the court had an opportunity to rule on such specific issues. She did not do so in a timely manner.

Moreover, Puro failed to preserve the issues of whether she should be required by the Arbitration Agreement and Employment Agreement to pay attorneys' fees and costs and whether the circuit court's order for Puro to pay attorneys' fees was inequitable, unconscionable, and unreasonable. Again, Puro's allegations of error were not properly presented or preserved in the circuit court in a timely manner, so they cannot serve as the basis of reversal on appeal.

Finally, we note that the amended version of KRS 336.700, which contains specific and clear retroactivity language, went into effect while the case was pending before this Court. Importantly, therefore, "[w]hen a new law makes clear that it is retroactive, an appellate court must apply that law in reviewing judgments still on appeal that were rendered before the law was enacted, and must

alter the outcome accordingly." *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 226, 115 S. Ct. 1447, 1456, 131 L. Ed. 2d 328 (1995).

Consequently, where the legislature makes clear that an amendment to a law is retroactive, as it specifically and clearly does in the amended language of KRS 336.700, it would be incumbent upon this Court to apply the law in effect at the time of the writing of this Opinion. Our duty as an appellate court is to apply the most recent legislative pronouncement on an issue pending before this Court when the legislature makes the new law or amendment retroactive. Such law delineates that the amended version of KRS 336.700 controls.

Based on the foregoing, we affirm the Jefferson Circuit Court.

DIXON, JUDGE, CONCURS.

JONES, JUDGE, DISSENTS AND FILES SEPARATE OPINION.

JONES, JUDGE, DISSENTING: Respectfully, I dissent from the majority's decision to affirm the circuit court's dismissal and imposition of attorneys' fees. The majority concludes that Puro did not preserve her arguments regarding the retroactivity of KRS 336.700, as amended effective June 27, 2019, precluding this Court from considering those arguments now. I am troubled by the majority's reasoning in this regard because the prior version of KRS 336.700 was still in effect when Puro filed her complaint, when MRI filed its motion to dismiss, when Puro filed her response to the motion to dismiss, when MRI filed its reply in

support of its motion, and most importantly when the circuit court applied the amended version of the statute. Moreover, neither MRI nor Puro brought up the applicability of the amended statute; the circuit court applied the new statute on its own initiative thereby effectively preventing Puro from making (and likewise preserving) any arguments regarding the applicability and constitutionality of the amended statute and its retroactivity clause.

The prior version of KRS 336.700 was effective from July 15, 1994, through June 27, 2019. Puro filed her suit on March 4, 2019, when the prior version of the statute was still in effect. MRI moved to dismiss Puro's complaint on March 25, 2019. A review of MRI's motion makes clear that it was based on the 1994 version of the statute that was in effect at the time the motion was filed. The motion to dismiss never referenced the newly amended statute. Logically, Puro confined her arguments in response to the motion to dismiss to the 1994 version of the statute. Like its motion, MRI's reply was confined to issues surrounding the enforceability of the arbitration clause *vis-à-vis* the 1994 version of the statute.

The circuit court's May 1, 2019 order is the first written mention of the new version of the statute in the record. Therein, the circuit court pointed out that Senate Bill 7, amending KRS 336.700, was signed into law on March 25, 2019, and that the amended statute significantly changed the law with respect to an

-11-

employer's ability to condition employment on an employee's agreement to an arbitration provision, the central issue of dispute in this case. The amendments also contained a retroactivity clause. Even though Senate Bill 7 provided that the amendments to KRS 336.700, including the retroactivity provision, were not to become effective until June 27, 2019, the circuit court *prospectively* applied the entire amended statute on May 1, 2019, before it had actually become law[1] and without affording the parties notice and an opportunity to make a record with respect to the amended version of the statute.

This is significant considering how different the two statutes are from one another. The 1994 version of the statute, upon which the parties' arguments were based, provided:

> (1) As used in this section, "employer" means any person, either individual, corporation, partnership, agency, or firm, that employs an employee and includes any person, either individual, corporation, partnership, agency, or firm, acting directly or indirectly in the interest of an employer in relation to an employee; and "employee" means any person employed by or suffered or permitted to work for an employer.
>
> (2) Notwithstanding any provision of the Kentucky Revised Statutes to the contrary, *no employer shall require as a condition or precondition of employment that any employee or person seeking employment waive,* **arbitrate,** *or otherwise diminish any existing or future claim, right, or benefit to which the employee or person*

---

[1] In fact, the new statute did not become effective until approximately a month after Puro had filed her notice of appeal with this Court.

> *seeking employment would otherwise be entitled under any provision of the Kentucky Revised Statutes or any federal law.*

KRS 336.700, 1994 c 355, § 1, c 304, § 1, eff. 7-15-94 (emphasis added). In its motion to dismiss, without ever mentioning the amended statute, MRI argued that its agreements did not violate subsection (2) because they were not actually a precondition and/or condition of Puro's employment.

The new version of the statute made MRI's entire argument unnecessary because the new version of the statute added an additional subsection expressly allowing an employer to require an employee or a person seeking employment to agree to arbitration as a condition or precondition of employment. The amended version of the statute provides:

> (1) As used in this section, "employer" means any person, either individual, corporation, partnership, agency, or firm, that employs an employee and includes any person, either individual, corporation, partnership, agency, or firm, acting directly or indirectly in the interest of an employer in relation to an employee; and "employee" means any person employed by or suffered or permitted to work for an employer.

> (2) Notwithstanding any provision of the Kentucky Revised Statutes to the contrary and ***except as provided in subsection (3) of this section***, no employer shall require as a condition or precondition of employment that any employee or person seeking employment waive or otherwise diminish any existing or future claim, right, or benefit to which the employee or person seeking employment would otherwise be entitled under any

-13-

provision of the Kentucky Revised Statutes or any federal law.

*(3) Notwithstanding subsection (2) of this section:*

> *(a) Any employer may require an employee or person seeking employment to execute an agreement for arbitration, mediation, or other form of alternative dispute resolution as a condition or precondition of employment;*

. . .

(8) This section shall apply prospectively and retroactively. Any provision of an agreement executed prior to June 27, 2019, that violates the requirements of subsection (3)(c) of this section shall be stricken from the agreement and shall not operate to invalidate the entire agreement.

KRS 336.700, 2019 c 75, § 1, eff. 6-27-19 (emphasis added).

As noted above, the written record confirms that the parties based their arguments before the circuit court on whether the arbitration provisions were actually a condition or precondition of Puro's employment under the 1994 version of the statute, making no mention of the new amendments. Even though the amended version of the statute had not been briefed, argued, or even cited by the parties, the circuit court relied on the newly added subsection 3, in combination with the retroactivity clause in subsection 8, to dismiss Puro's suit and order attorneys' fees. And, the circuit court did so before the effective date of the amendments as expressly provided for in Senate Bill 7.

While I do not fault the circuit court for attempting to be proactive, I am deeply troubled by the fact that the combined effect of the circuit court's unilateral and prospective application of the amended statute and the majority holding regarding preservation means that Puro was never sufficiently afforded the opportunity to make arguments with respect to the validity and constitutionality of the statute's retroactivity clause to her claim. The far better procedure would have been for the circuit court to have raised Senate Bill 7 to the parties, allowed them to brief the issue under the new version of the statute, and stayed the action until the effective date of the new statute, June 27, 2019. Instead, the circuit court applied the amended version of the statute while the prior statute was still in effect without affording Puro the opportunity to preserve any arguments regarding the applicability, enforceability, or constitutionality of the amended statute and its retroactivity clause.

Even though the new version of the statute says that it applies retroactively to contracts executed prior to its effective date, the statute itself was not operative when the circuit court issued its order. The law in effect at the time the circuit court issued its order was the version of the statute enacted in 1994. "A statute is applicable to regulated parties beginning at its effective date[.]" *Kentucky Commercial Mobile Radio Service Emergency Telecommunications Bd. v. TracFone Wireless, Inc.*, 712 F.3d 905, 916 (6th Cir. 2013). A "statute's

effective date is considered that date upon which the statute came into being as existing law or the date on which the law goes into actual operation or produces a legal effect." 82 C.J.S. Statutes § 549. In my opinion, the circuit court abused its discretion by applying an amendment almost three months prior to its effective date, *i.e.*, the date it is considered to have come into being as existing law.

On the surface, this may well seem much ado about nothing since there is no question that the amended version of the statute is now in effect and that it contains a retroactivity clause that ostensibly applies to the agreement in question. One could argue that the circuit court was simply applying the law that would ultimately govern the parties' dispute within a short time. Had the circuit court put the parties on notice of its intent to apply the new version of the statute and provided them an opportunity to brief its applicability and constitutionality, I would have no qualms with its procedure. However, as I noted above, this is not what happened. The circuit court applied the new version of the statute, a statute that neither party had argued. This unilateral act by the circuit court prevented Puro from making her arguments with respect to the applicability of the amendments as a whole as well as the constitutionality of the amended statute's retroactivity clause. Puro should not be faulted for failing to preserve arguments concerning a statute that had not yet gone into effect and that she had no notice the

circuit court would apply prior to its effective date. Yet, this is the majority's holding.[2]

The irregularity in process prevented Puro from effectively being able to preserve any arguments she might have had concerning the applicability, enforceability, and/or constitutionality of the newly amended version of the statute. For this reason, I would vacate the trial court's order and remand this matter so that the parties can argue this action under the amended version of the statute.

Some might question the judicial efficacy of remand since the amended statute is now unquestionably in effect and contains a retroactivity clause that appears to settle the issue on its face.[3] However, I believe the constitutionality of the retroactivity clause is significant, especially as presented in this case. The prior law precluded conditioning employment on an arbitration provision. This was the law in effect when Puro signed the agreements, was terminated by MRI, and filed this suit. The circuit court never considered whether the retroactivity

---

[2] While it is true that Puro did not bring up the retroactivity issue in her CR 59 motion, it is canon that a CR 59 motion is not a prerequisite for preservation.

[3] I am aware that this Court has applied the newly enacted version of the statute retroactively in *Hamilton v. Norton Healthcare, Inc.*, No. 2019-CA-0885-MR, 2020 WL 5742828 (Ky. App. Sept. 25, 2020), and *Croghan v. Norton Healthcare, Inc.*, No. 2018-CA-001351-MR, 2020 WL 742031 (Ky. App. Feb. 14, 2020). No issues concerning whether the retroactivity clause is constitutional appear to have been raised in *Hamilton*. *Croghan* deals primarily with retroactivity of a different amendment, one regarding the limitations period, and is pending before the Kentucky Supreme Court on discretionary review.

clause was constitutional in relation to Puro, and MRI has not briefed that issue to this Court as it has steadfastly claimed that it is unpreserved.

I believe that any failure to preserve was a result of the circuit court's unilateral decision to apply the law prospectively without affording the parties an opportunity to brief the issue before the circuit court issued its order of dismissal. Therefore, I disagree with the majority's holding to affirm the circuit court. Instead, it is my opinion that this portion of the circuit court's order should be vacated and remanded with directions for the circuit court to provide the parties with an opportunity to brief and argue any issues with respect to KRS 336.700 as amended effective June 27, 2019.[4]

This brings me to the issue of attorneys' fees. MRI explained in its motion to dismiss that "as a term and *condition of her employment*," Puro signed a document on January 3, 2017, entitled "Malone Solutions Dispute Resolution Agreement." (Emphasis added). In fact, the Malone Solutions Dispute Resolution Agreement specifically stated that "the [dispute resolution] program is a condition

---

[4] The issue is complicated and cannot be adequately addressed without substantial analysis and consideration. *See Maze v. Board of Directors for Commonwealth Postsecondary Education Prepaid Tuition Tr. Fund*, 559 S.W.3d 354, 364 (Ky. 2018) ("[T]he legislature's authority to retroactively impose such amendments upon existing contractual rights and obligations is not unlimited . . . ."). Additionally, because the parties had no notice that the circuit court was going to apply the amendment, Puro does not appear to have notified the Attorney General regarding her constitutional challenge to the statute's retroactivity clause, which is necessary so that the Commonwealth has the opportunity to be heard on the issue should it so desire. *See* KRS 418.075.

of your employment." By executing the agreement, as a *condition* of her employment, Puro agreed to be bound by MRI's dispute resolution process and submit any claims arising out of her employment to arbitration. This agreement also contained a provision whereby the parties agreed that any party who filed suit in court instead of proceeding to arbitration would be obligated to pay for the responding party's costs and attorneys' fees associated with having the dispute remanded for arbitration.

The validity of the January 3, 2017, agreement is highly questionable under the 1994 version of KRS 336.700 as MRI stated in its motion to dismiss that Puro signed the agreement "as a term and condition of her employment" with MRI. Applying the 1994 version of the statute, the Kentucky Supreme Court held:

> KRS 336.700(2) prevents an employer from entering into any agreement whatsoever that conditions employment on the employee's agreement to waive any and all rights against the employer. Moreover, KRS 336.700(2) does not invalidate arbitration contracts because they are arbitration contracts; KRS 336.700(2) only invalidates arbitration contracts when the employer evidences an intent to fire or refuse to hire an employee because of that employee's unwillingness to sign such a contract. This is not an attack on the arbitration agreement—it is an attack on the employer for basing employment decisions on whether the employee is willing to sign an arbitration agreement.
>
> . . .
>
> . . . The statute does not single out arbitration agreements—***it makes clear that any contract that***

-19-

> ***waives or limits an employee's rights against the
> employer is void if employment was predicated on
> signing the agreement.*** Apart from arbitration
> agreements, this would include, to name a couple of
> examples, an agreement whereby the employee waives
> the ability to file a KWA claim against the employer, or
> an agreement that limits the amount of damages the
> employee can recover against the employer.

*Northern Kentucky Area Development District v. Snyder*, 570 S.W.3d 531, 536

(Ky. 2018), *reh'g denied* (Apr. 18, 2019), *cert. denied*, 140 S. Ct. 501, 205 L. Ed.

2d 317 (2019) (emphasis added).

When Puro filed her complaint in Jefferson Circuit Court on March 4,

2019, Senate Bill 7, which amended KRS 336.700, had not even been signed into

law and filed with the Secretary of State. Under the 1994 version of the statute, I

believe the Malone Solutions Dispute Resolution Agreement, which contains the

attorneys' fees provision, would have been void because as MRI stated in its

motion to dismiss, it was signed by Puro as a condition of employment. Even if

the new amendment and its retroactivity clause breathed new life back into the

Malone Solutions Dispute Resolution Agreement, I believe it would be unjust to

require Puro to pay attorneys' fees where the entire basis for remand was an

amendment that had yet to be enacted when suit was filed. Therefore, I would

reverse the portion of the circuit court's order awarding attorneys' fees to MRI.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
| --- | --- |
| Garry R. Adams, Jr. | James M. Morris |
| Abigail V. Lewis | Tyler J. Morris |
| Louisville, Kentucky | Lexington, Kentucky |