RENDERED: SEPTEMBER 23, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2021-CA-1399-MR

CHANIQUA BOYD-GILL            APPELLANT

v.            APPEAL FROM HARDIN CIRCUIT COURT
HONORABLE PAMELA K. ADDINGTON, JUDGE
ACTION NO. 20-CI-00970

VEROL GILL            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; JONES AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Chaniqua Boyd-Gill ("Appellant") appeals from findings of fact, conclusions of law, judgment, and decree of the Hardin Circuit Court dissolving her marriage with Verol Gill ("Appellee"). Appellant argues that the circuit court erred in awarding Appellee primary custody of the parties' minor child. After careful review, we find no error and affirm the judgment on appeal.

## FACTS AND PROCEDURAL HISTORY

The parties were married in 2010. The marriage produced one child (hereinafter referred to as "Child"), who was born in 2013. Appellant also has a son from a prior relationship. At the time of the filing of this appeal, both parties served in the United States military. Appellant is employed by the National Guard and Appellee is on active military duty.

In 2020, the parties were involved in multiple, competing domestic abuse proceedings, as well as a dependency, abuse, and neglect case. That same year, Appellant stabbed Appellee with a knife, resulting in Appellee's serious injury. That was followed by his hospitalization and surgery. Both parties sought orders of protection. Appellee was granted an order of protection against Appellant. Appellant's petition for a protective order against Appellee was denied.

The stabbing resulted in Appellant being charged with assault in federal court. She entered a plea of guilty and acknowledged that she assaulted Appellee with a knife without just cause and with intent to do bodily harm. Thereafter, Child and Appellant's older son from the prior relationship were removed from the parties' home, placed in foster care, and some months later cared for by their maternal great aunt in New York.

In 2020, Appellee filed the underlying petition for dissolution of marriage in Hardin Circuit Court. A final hearing on the petition was conducted on

June 11, 2021.  The parties testified at the hearing, as did the Appellant's therapist who was designated as an expert witness.  The children's maternal great aunt and a youth basketball coach also testified.  The hearing resulted in findings of fact, conclusions of law, judgment, and decree which disposed of all issues before the court.  The decree terminated the parties' marriage.

In considering the testimony and the law, the court determined that the primary issue before it was the custody and parenting time of Child.  The court noted that it was very familiar with the parties and Child by virtue of the competing domestic violence claims and the dependency, neglect, and abuse proceeding.  The court made extensive findings of fact centered on Child's best interests.  It found that both parties genuinely loved Child and wanted what was best for her, and that this love was reciprocated by Child.  The court noted that while the expert witness, Dr. Kris Williams-Falcon, was knowledgeable and articulate, she had dealt primarily with Appellant rather than Appellee and was not familiar with the underlying facts.  This finding somewhat limited the court's reliance on her testimony.

The court recounted the incident in which Appellant stabbed Appellee.  The parties had an argument in the kitchen of their residence and Appellant claimed that Appellee physically attacked her resulting in her use of the knife in self-defense.  Appellant acknowledged, however, that she, rather than

Appellee, was charged with a crime, and that she entered a plea of guilty to the assault charge. The court found that Child either witnessed the stabbing or was aware of it as it happened, and that her older half-brother saw Appellant with the knife in her hand.

The court went on to make comprehensive findings regarding the testimony of Child's great aunt, Child's basketball coach, and her older half-sibling. The substance of the findings was that the parties have a good relationship with Child, and that Child is happy and well-adjusted. The court acknowledged that this was a very difficult case on the issue of custody, because both parents love their daughter. In applying Kentucky Revised Statutes ("KRS") 403.270 to determine Child's best interests, the court found that it could not disregard Appellant's knife assault on Appellee, the federal criminal charge which followed, and Appellant's plea of guilty and acknowledgment of the crime. It noted that no criminal charge or finding of domestic violence against Appellee had been made. These findings led the court to conclude that Child's best interests were served by granting joint custody to the parties, with Appellee designated as the primary residential custodian. This conclusion was memorialized in the court's findings of fact, conclusions of law, judgment, and decree entered on August 27, 2021. Appellant's motion to alter, amend, or vacate the judgment was denied on November 3, 2021, and this appeal followed.

## STANDARD OF REVIEW

> Trial courts are . . . vested with broad discretion in matters concerning custody and visitation. In the absence of an abuse of discretion, we will not disturb a trial court's decision. The test is not whether we as an appellate court would have decided the matter differently, but whether the trial court's rulings were clearly erroneous or constituted an abuse of discretion.

*Jones v. Livesay*, 551 S.W.3d 47, 51 (Ky. App. 2018) (citations omitted). An abuse of discretion occurs if the trial court's ruling is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

## ARGUMENTS AND ANALYSIS

Appellant argues that the Hardin Circuit Court committed reversible error in awarding primary residential custody of Child to Appellee rather than to Appellant. In support of this argument, Appellant asserts that Child's best interests are not served with Appellee designated as the primary residential custodian. Appellant directs our attention to the factors set out in KRS 403.270 for determining a child's best interests, and focuses on her claims that the circuit court's decision: 1) effectively removes Child from other family members; 2) contradicted the opinions of Child's guardian *ad litem*; and 3) could result in serious harm or endangerment to Child. Appellant notes that during the pendency of the dependency, neglect, and abuse case, as well as the dissolution proceeding,

Child lived in New York state with Appellant's extended family, which allowed Child to have a close relation with her older step-brother. Appellant asserts that the circuit court improperly speculated that the step-brother would no longer be part of Child's life after he turned 18 years old, and that there is no evidence to support this conclusion.

Appellant goes on to argue that each of the factors set out in KRS 403.270 demonstrate that the best interests of Child are served by designating Appellant as Child's primary residential custodian. Appellant argues that Child is well adjusted to her home, school, and community, and that Appellee has a history of domestic violence which should not be ignored. She contends that the circuit court missed several factors supporting her designation as primary residential custodian, and argues that the sum of these factors support a finding that the circuit court abused its discretion on this issue.

KRS 403.270(2) states,

> The court shall determine custody in accordance with the best interests of the child and equal consideration shall be given to each parent and to any de facto custodian. Subject to KRS 403.315, there shall be a presumption, rebuttable by a preponderance of evidence, that joint custody and equally shared parenting time is in the best interest of the child. If a deviation from equal parenting time is warranted, the court shall construct a parenting time schedule which maximizes the time each parent or de facto custodian has with the child and is consistent with ensuring the child's welfare. The court shall consider all relevant factors including:

(a) The wishes of the child's parent or parents, and any de facto custodian, as to his or her custody;

(b) The wishes of the child as to his or her custodian, with due consideration given to the influence a parent or de facto custodian may have over the child's wishes;

(c) The interaction and interrelationship of the child with his or her parent or parents, his or her siblings, and any other person who may significantly affect the child's best interests;

(d) The motivation of the adults participating in the custody proceeding;

(e) The child's adjustment and continuing proximity to his or her home, school, and community;

(f) The mental and physical health of all individuals involved;

(g) A finding by the court that domestic violence and abuse, as defined in KRS 403.720, has been committed by one (1) of the parties against a child of the parties or against another party. The court shall determine the extent to which the domestic violence and abuse has affected the child and the child's relationship to each party, with due consideration given to efforts made by a party toward the completion of any domestic violence treatment, counseling, or program;

(h) The extent to which the child has been cared for, nurtured, and supported by any de facto custodian;

(i) The intent of the parent or parents in placing the child with a de facto custodian;

(j) The circumstances under which the child was placed or allowed to remain in the custody of a de facto custodian, including whether the parent now seeking

custody was previously prevented from doing so as a result of domestic violence as defined in KRS 403.720 and whether the child was placed with a de facto custodian to allow the parent now seeking custody to seek employment, work, or attend school; and

(k) The likelihood a party will allow the child frequent, meaningful, and continuing contact with the other parent or de facto custodian, except that the court shall not consider this likelihood if there is a finding that the other parent or de facto custodian engaged in domestic violence and abuse, as defined in KRS 403.720, against the party or a child and that a continuing relationship with the other parent will endanger the health or safety of either that party or the child.

In considering the issue of custody, the Hardin Circuit Court expressly considered each of the factors set out in KRS 403.270(2). It found that both parents were seeking residential custody (KRS 403.270(2)(a)). Though Child did not testify nor express her wishes as to custody (KRS 403.270(2)(b)), based on other testimony the court found that Child has a good relationship with both parents and loves them both. KRS 403.270(2)(c) and (d). The court found that Child has a good bond with her half-brother, though he is now nearing the age of majority and the court speculated that he may be living independently away from Child irrespective of Child's custody. As to KRS 403.270(2)(e), the court believed that Child was probably emotionally attached to New York though she was capable of integrating into the community while residing with either parent.

Regarding the physical and mental health of the parties (KRS 403.270(2)(f)), the court did not hear any testimony as to either party. The court focused on KRS 403.270(2)(g), *i.e.*, domestic violence issues, and noted that Appellant had stabbed Appellee resulting in his serious physical injury, and had entered a plea of guilty to a federal assault charge resulting from the incident. While recognizing that Appellant claimed she was acting in self-defense, the court found that this was a traumatic event for Child which she will likely have to come to terms with emotionally in the future. The court also noted that a domestic violence order was entered against Appellant, and none were entered against Appellee despite Appellant's multiple claims of domestic violence committed by Appellee.

Based on all of the foregoing, the Hardin Circuit Court determined that the best interests of Child were served by ordering joint custody with Appellee designated as primary residential custodian. The question for our consideration, then, is whether this ruling is clearly erroneous and constitutes an abuse of discretion. *Jones*, *supra*.

We are not persuaded by Appellant's claim that the custody order should be reversed because it effectively removes Child from other family members, contradicts the opinions of Child's guardian *ad litem*, and could result in serious harm or endangerment to Child. While it is the unfortunate reality that a

dissolution proceeding may result in a child being geographically separated from a parent or other relatives, the court is nevertheless bound to render a custody ruling in accordance with KRS 403.270(2) based on the child's best interests. Further, there is no evidence in the record that Child is in danger of serious harm by residing with Appellee, who has never been subject to a domestic violence order nor criminal conviction.

The circuit court conducted a thorough review of the testimony, and expressly considered each of the factors set out in KRS 403.270(2). While few of the factors inured to the benefit of one party over the other, Appellant's stabbing of Appellee and her resultant plea of guilty to a federal assault charge appeared to be the determining factor in persuading the circuit court that Child's best interests were served by primary custodial residency with Appellee. This finding is supported by the record and the law, and is not arbitrary, unreasonable, unfair, nor unsupported by sound legal principles. *English*, *supra*. As such, it does not constitute an abuse of discretion. *Jones*, *supra*.

## CONCLUSION

For these reasons, we find no error and affirm the findings of fact, conclusions of law, judgment, and decree of the Hardin Circuit Court.

ALL CONCUR.

-10-

BRIEFS FOR APPELLANT:

BRIEF FOR APPELLEE:

William D. Tingley
Hillary A. Hunt
Ft. Mitchell, Kentucky

Dawn Logsdon Johnson
Radcliff, Kentucky