RENDERED: JANUARY 27, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1274-MR

SHENITA AVERY                                                  APPELLANT


                  APPEAL FROM JEFFERSON CIRCUIT COURT
v.                HONORABLE ANGELA JOHNSON, JUDGE
                      ACTION NO. 20-CI-501512


ROBERT AVERY                                               APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; DIXON AND GOODWINE, JUDGES.

GOODWINE, JUDGE: Shenita Avery ("Shenita") appeals from the findings of fact, conclusions of law, and decree of dissolution of marriage entered by the Jefferson Family Court on August 30, 2021. Shenita argues the family court abused its discretion in awarding Robert Avery ("Robert") an equal distribution of the marital property. After careful review, finding no error, we affirm.

The parties were married on October 2, 2009, in Jefferson County. They separated on July 8, 2019. The parties had five children during the marriage. Four children were minors on the date of the trial, and one is deceased. During the marriage the parties resided in a home in Louisville purchased with funds from their child's wrongful death settlement. The parties vacated the home after they separated. It fell into disrepair and was condemned.

The family court held a trial on July 30, 2021. On August 30, 2021, the family court entered findings of fact, conclusions of law, and decree of dissolution. Pertinent to this appeal, the family court found the home was purchased during the marriage and was marital property. The family court ordered the parties to sell the home and equally divide the net proceeds after delinquent taxes were paid. Though Shenita wanted to keep the house, the family court found she would be unable to pay Robert for his share of the equity and make repairs necessary to reside in the home.

On September 9, 2021, Shenita moved for additional findings of fact and to alter, amend, or vacate the court's order. The family court denied the motion by order entered September 27, 2021. This appeal followed.

We begin by addressing Robert's argument that Shenita's brief does not comply with CR[1] 76.12(4)(c)(iv) and should be stricken. On January 1, 2023,

---

[1] Kentucky Rules of Civil Procedure.

the Kentucky Rules of Appellate Procedure ("RAP") replaced CR 76. Now, RAP 32(A) governs the organization and content of an appellant's brief. Subsection (3) provides: "A **statement of the case** consisting of a summary of the facts and procedural events relevant and necessary to an understanding of the issues presented by the appeal, with ample references to the specific location in the record supporting each of the statements contained in the summary." Additionally, RAP 31(H)(1) provides: "A brief may be stricken for failure to substantially comply with the requirements of these rules."

Robert complains Shenita's brief fails to comply with CR 76.12(4)(c)(iv) because she makes several citations to the video record but only one citation to the written record. RAP 32(A)(3) requires ample references to the specific location in the record generally without specifying whether the reference is in the written or video record. Shenita's statement of the case substantially complies with RAP 32(A)(3), so we decline to strike her brief.

Robert also argues Shenita failed to serve her brief on Robert's counsel as required by CR 76.12(6). This Court previously addressed this argument in our July 8, 2022 order denying Robert's motion to dismiss and granting Shenita additional time to file her brief. We decline to overturn our previous ruling on this argument and proceed with our review of Shenita's arguments.

On appeal, Shenita argues the family court erred in equally dividing the parties' marital residence and raises an unpreserved issue we will address below. "We review a trial court's determinations of value and division of marital assets for abuse of discretion." *Cobane v. Cobane*, 544 S.W.3d 672, 676 (Ky. App. 2018) (internal quotation marks and citations omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

Although Shenita "is obviously dissatisfied with the trial court's decision, threadbare recitals of the elements of a legal theory, supported by mere conclusory statements, form an insufficient basis upon which this Court can grant relief." *Jones v. Livesay*, 551 S.W.3d 47, 52 (Ky. App. 2018). Apart from reciting applicable law regarding setting aside a family court's decision to equitably divide marital property, Shenita advances nothing of substance in support of her contention. We will not scour the record to construct Shenita's argument for her.

Furthermore, the family court weighed the KRS[2] 403.190(1) factors in making its decision. When determining how to equitably divide marital property, the family court must consider, "without regard to marital misconduct" the following factors:

---

[2] Kentucky Revised Statutes.

> (a) Contribution of each spouse to acquisition of the marital property, including contribution of a spouse as homemaker;
>
> (b) Value of the property set apart to each spouse;
>
> (c) Duration of the marriage; and
>
> (d) Economic circumstances of each spouse when the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children.

KRS 403.190(1).

First, the family court found the home was purchased in January 2014 with cash the parties received from a wrongful death settlement for their child. Second, there was little other property set aside to each spouse. The parties owned a Ford Taurus titled in Robert's name. The family court allowed Robert to retain the car and ordered him to pay Shenita half the value of the car from his proceeds from the sale of the home. Shenita had a bank account in her name that both parties deposited funds into. Robert did not have a bank account and instead received his pay through a prepaid card. The family court awarded Shenita her bank account and Robert his prepaid card free and clear of claims from each other. Third, the parties were married for almost twelve years. Fourth, the family court found that "the current value of the home based on the condition that it is in, would render [Shenita] unable to pay [Robert] his share of the equity in the home, if the

[c]ourt allowed her to retain the home. The home requires additional repairs and based upon the testimony of the parties, this asset is best left to be sold." Record at 173. Thus, the family court was presented with substantial evidence that equal division of the proceeds from the sale of the marital home was equitable under the circumstance based on the factors of KRS 403.190(1).

Shenita also argues Robert's portion of the proceeds from the sale of the home should be offset by (1) the cost of a vehicle forfeited during the marriage as part of Robert's plea agreement and (2) Robert's child support obligation paid from the marital account. Shenita fails to point out how these arguments are preserved. Shenita failed to include a preservation statement for these arguments as required by RAP 32(A)(4). The circuit court's decree and order denying Shenita's motion to alter, amend, or vacate do not mention these arguments. "The Court of Appeals is without authority to review issues not raised in or decided by the trial court." *Regional Jail Authority v. Tackett*, 770 S.W.2d 225, 228 (Ky. 1989). As Shenita failed to preserve these arguments and does not request review for manifest injustice, we lack the authority to review them.

For the foregoing reasons, we affirm the order of the Jefferson Family Court.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Colin D. Edmundson<br>Louisville, Kentucky | Emmett L. Ogden<br>Louisville, Kentucky |
| | J. Gregory Troutman<br>Louisville, Kentucky |